## JOHNSON v. STATE. (No. 9547.)

(Court of Criminal Appeals of Texas. Feb. 17, 1926. Rehearing Denied June 23, 1926.)

**1. Intoxicating liquors ⬦236(4).**

Evidence that officers saw defendant in smokehouse connecting still *held* to support conviction for possessing equipment for manufacture of intoxicating liquor.

**2. Criminal law ⬦814(17).**

Charge on circumstantial evidence *held* not required in prosecution for possessing equipment for manufacturing liquor, where officers gave direct testimony touching defendant's connection with still.

**3. Criminal law ⬦829(1).**

Refusal of special charges *held* not ground for reversal, where in substance included in main charge.

On Motion for Rehearing.

**4. Criminal law ⬦792(3).**

In prosecution for possessing equipment for manufacturing liquor, court, in submitting law of principals, *held* not to put double burden on accused in charge to acquit, if he did not know of intent of one alleged coprincipal, or aid him.

Commissioners' Decision.

Appeal from District Court, Hopkins County; J. M. Melson, Judge.

Nick Johnson was convicted of unlawful possession of equipment for the manufacture of intoxicating liquor, and he appeals. Affirmed.

Ramey & Davidson, of Sulphur Springs, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J. The offense is the unlawful possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

According to the state's evidence, officers went at nighttime to the premises of Warren Lewis. A light was observed in the smokehouse, and, looking in, they beheld the appellant and Wilkes engaged in connecting a still. Lewis was seen upon the premises, though he was not in the smokehouse. The various articles composing the still were detailed by the testimony of the witnesses mentioned. These included barrels of mash and other equipment suitable for the manufacture of intoxicating liquor in a situation rendering them capable of being used for that purpose.

According to the appellant, who was a negro, he lived near the place of Lewis, also a negro, and had worked for Wilkes. After driving a team in the afternoon of the day of his arrest, appellant stopped at the home of Wilkes, and put up and fed his team, where he was in the habit of keeping it. From there he went to the home of Lewis, with whom he had a business engagement. Lewis was not in his house, though Wilkes was, and, upon hearing a noise in the smokehouse, appellant went in that direction. He was followed by Wilkes. Upon reaching the smokehouse, appellant observed a furnace, and was amazed at the sight of the still, which was the first one that he had ever beheld. Appellant and Wilkes were engaged in looking at the still when the officers arrived. Appellant disclaimed any interest in the still or any connection with it further than that detailed.

The state introduced testimony in rebuttal tending circumstantially to controvert the appellant's testimony touching his movements after reaching the Lewis home. He introduced testimony to corroborate his statement touching his movements before he arrived at the home of Lewis.

[1] The testimony of the state's witnesses is such as would authorize the jury to conclude that the appellant and Wilkes were in possession of a still and apparatus suitable for making whisky which was situated in Lewis' smokehouse, and, immediately before their arrest, were in the act of putting it in a condition for operation for the purpose named. From the appellant's testimony, his presence was accidental and casual.

The court in its charge instructed the jury upon the law of principals in a manner which, so far as we are able to judge, correctly and accurately presented the law applicable to the facts. It also instructed, in substance, that, if the jury believed, beyond a reasonable doubt, that Wilkes was in possession of the still and other equipment for the manufacture of intoxicating liquor, and the appellant was present and knowing of the in-

tent of Wilkes touching his possession of the still, material, and equipment, and by his acts aided Wilkes, a verdict of guilty would be authorized. The converse of the state's theory was also presented in what we conceive to be an exceptional manner. The jury were told therein that, if the appellant went to the place of Lewis without knowledge of the presence of the unlawful equipment, or without knowledge of any unlawful intent of Wilkes, and did not aid him in the unlawful enterprise, there should be an acquittal, or, if upon these matters the jury entertained a reasonable doubt, there should be no conviction.

The definition of the term "possession" as contained in the charge of the court is not materially different from the language suggested by the appellant in his special charge No. 2.

[2] The testimony of the officers was direct touching the appellant's connection with the still, and, in our judgment, no charge on circumstantial evidence was required.

[3] The refusal of special charges Nos. 4, 5, 6, and 7 is not deemed ground for a reversal, as they are in substance but a repetition of the matters contained in the main charge of the court submitting the law of principals and the converse thereof.

Failing to find any error which warrants a reversal, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

LATTIMORE, J. [4] We have given careful consideration to the able motion filed by appellant in this case, but are unable to agree with any of the contentions made. The principal complaint seems to be that in submitting the law of principals the learned trial judge laid a double burden upon the accused in paragraph 7 of the charge wherein the jury are told that, if they believed that appellant went to the place where the still, mash, equipment, etc., was found, without any knowledge that said material was at said place, or if they believed from the evidence that appellant did not know the intent of one John Wilkes (alleged to be a coprincipal) in the possession of said still, mash, equipment, etc., and that he did not aid by acts the said Wilkes, or if the jury had a reasonable doubt on either of these issues, they would acquit the defendant.

We have carefully examined the entire record, and are of opinion that the facts fully justified the conclusion of the jury, and that the issues of law were submitted fairly.

The motion for rehearing will be overruled.