### SANTIAGO ALVILLA V. THE STATE.

*No. 45. Decided May 6.*

**Argument of Counsel — Comment on Defendant's Failure to Testify.**—On a trial for burglary, where the district attorney commented on the defendant's failure to explain his possession of the stolen property, and upon exception by defendant, withdrew his remarks, but said, "he would state that now which he would *not* withdraw, and now challenged the possession of defendant; if he can explain his possession, the witness stand is still open to him. I now, to defendant's face, challenge him to explain his possession. He sits there silent; silence speaks louder than words, and the defendant is silent." *Held*, a more palpable violation of the statute prohibiting allusion to defendant's failure to testify on his trial can not well be imagined.

APPEAL from the District Court of El Paso. Tried below before Hon. C. N. BUCKLER.

Appellant was indicted for burglary with intent to commit theft, and was convicted at his trial, and his punishment assessed at two years in the penitentiary.

There is no statement of facts in the record.

The objectionable remarks of the district attorney, set out below in the opinion of the court, are presented by a bill of exceptions, saved by the defendant at the time they were made.

No briefs on file in the case.

SIMKINS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary, from which he appeals.

The sole ground upon which an appeal was taken was the conduct of the district attorney, who, in not very choice language, commented on the fact that appellant kept his seat, and offered no explanation of his possession, with the penitentiary staring him in the face. The appellant's counsel excepted to the language of the State's attorney, who thereupon withdrew the charge, and the court charged the jury not to consider the remarks of the State's attorney. The State's attorney then stated to the jury, that his remarks had been excepted to and the same had been withdrawn, but "he would state that which he would not withdraw," that he " now challenged the possession of defendant; if he can explain his possession, the witness stand is still open to him. I now, to the defendant's face, challenge him to explain his possession. He sits there silent; silence speaks louder than words, and the defendant is silent."

A more palpable violation of the statute can not be well imagined. It is the duty of the trial court to guard trials from such occurrences, and not force the reversal of cases by this court on such grounds. The fact of appellant's failing to except a second time was immaterial. It was useless to do so, where the district attorney repeats the language which the court had just instructed the jury to disregard. But we are not to be misunderstood as here holding that an error of this character can be cured by the instructions of the court. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.