BLOOMER v. STATE.

Opinion delivered May 6, 1905.

1. EVIDENCE—STATEMENT IN DEFENDANT'S HEARING.—To render admissible against the accused a statement made by another in his presence and hearing, it must be shown that he heard the remark, and that the circumstances in proof called for a reply from him; but if it appeared that he was drunk, and that it was doubtful whether he heard the remark, it would be safer to exclude the statement. (Page 298.)

2. HOMICIDE—PROOF OF DECEASED'S GOOD CHARACTER.—Proof of the good and peaceable character of the deceased in a murder case is inadmissible until such character has been attacked. (Page 299.)

Appeal from Ashley Circuit Court.

ZACHARIAH T. WOOD, Judge.

Reversed.

*W. A. Roby, Butler & George* and *Eldon A. Bolton*, for appellant.

The testimony of Mrs. Gee was improperly admitted. 69 Ark. 468; 64 Ark. 123. A person under arrest is not called upon to deny a criminal charge, and no admissions will be implied from silence. 32 Ala. 560; 13 Allen. 570; 1 Sm. & M. 560; 12 R. I. 557. Evidence of good character of deceased was not admissible. 2 Bish. Cr. Pro. § 612; 53 Am. St. 705. The testimony of Mrs. Rogers was incompetent. 38 Ark. 221, 498; 45 Ark. 165; 39 Ark. 278.

*Robert L. Rogers, Attorney General,* for appellee.

Evidence of the defendant's throwing the pistol away was admissible. Whar. Cr. Ev. 544; Underhill, Ev. 144.

RIDDICK, J. This is an appeal from a judgment of the Ashley Circuit Court convicting the defendant, Lum Bloomer, of murder in the second degree and sentencing him to confinement in the State penitentiary for the period of five years.

The facts, briefly stated, are that Lum Bloomer, a boy seventeen years old, went on a Sunday to the house of a neighbor, and there took several drinks of whisky. He afterward became engaged in a friendly altercation with one Adams, and Adams seized his hat and ran down the road with it. Bloomer ran after him, and drew his pistol, and fired it off, though Bloomer testified that he did this in fun, and with no intention of hitting Adams, but thinking, as he says, that it would cause him to stop and return the hat. But Adams only ran the faster, and Bloomer mounted his pony, which was hitched near, and galloped down the road in pursuit of Adams. Adams left the road, and then returned to the house, but Bloomer, in running his horse up the road, overtook an old man by the name of Jim Laird, who was traveling on a mule along the highway. Bloomer ran by him and splashed mud on him. This led to some words between them, the result of which was that Bloomer shot Laird twice, killing him almost instantly.

After consideration of the record and the argument of counsel, we are of the opinion that there were some errors committed in the trial of the case in reference to the admission of testimony on the part of the State. The defendant was arrested at the home of his grandmother, with whom he lived. When the officer arrived, it was night, and he (Bloomer) was asleep, or appeared to be. When they aroused him, he staggered around the room as if he was drunk. The officer asked him where his pistol was, and he said that he did not know. Thereupon his grandmother said that he had thrown it in the garden. She said that when he came home, "he said it had done one piece of dirty work, and he didn't want to see it any more." This statement of what his grandmother had said was objected to by counsel for the defendant, who asked the court to exclude it from the jury. The court thereupon asked if the defendant was present at the time this statement was made, to which the witness replied that he was present, "but he was staggering around the room drunk, and I don't know what he heard." Thereupon the court said that he would permit the statement to go to the jury, and leave them to determine its weight.

Now, while the acts of a person charged with a crime may be admitted as evidence against him, the courts should be careful

in applying the rule that the silence of one charged with crime may under some circumstances be used as evidence against him. To render such evidence competent, it must be shown that the accused heard the remark, and that the circumstances in proof naturally called for a reply on his part. The jury in this case should have been specially cautioned that, before they should give any weight to this circumstance, they must find that the defendant heard the remark of his grandmother, and that the circumstances were such as would naturally call forth a reply on his part if he was innocent. They should have been told that it was his conduct, and not the words of the grandmother, that was evidence against him. As the witness who testified to these remarks testified also that the defendant was at that time staggering around the room drunk, and that he did not know whether he heard the remarks or not, we are of the opinion that it would have been safer to have excluded the remarks entirely. *Bob* v. *State,* 32 Ala. 560; *Commonwealth* v. *Kennedy,* 53 Mass. 263; 6 Am. & Eng. Enc. Law, 537.

But the most serious error was the admission on the part of the State of evidence tending to show that the deceased was a man of good and peaceable character. The defendant did not attack or controvert the fact that the deceased was a man of good character for peace and quietude, and this evidence was introduced by the State before any witness for the defendant had been put upon the stand. It is now well settled that such evidence on the part of the prosecution should not be admitted unless the defendant has undertaken to attack the character of the deceased in that respect. *Ben* v. *State,* 37 Ala. 103; Bishop, Crim. Proc. (3d Ed.), § 612.

There was an application for change of venue made by defendant, but the court, after hearing evidence, held that one of the supporting witnesses was not a credible person; and while the evidence on that point was very slight, we think it sufficient to sustain the finding of the court.

But for the errors referred to above the judgment will be reversed, and the cause remanded for a new trial.