Jim Myers v. The State.

No. 8118.   Decided February 20, 1924.

</div>

1.—Manufacturing Intoxicating Liquor—Severance—Continuance.

Where the giving of a severance would have necessitated a continuance of appellant's case, the same was correctly refused.

2.—Same—Continuance—Flight—Hearsay.

Where, according to an application for continuance testimony of the absent witness would have been inadmissible as hearsay, and the parties were all acting together, the flight of one of them when the officers suddenly appeared was properly admitted in evidence, and there was no reversible error in refusing the application.

3.—Same—Evidence—Confession—Silence.

The statute has been construed as inhibiting proof against the accused on trial of his silence at the time of his arrest, as he is not called upon to speak, and proof of his failure to do so should be rejected. Following Stanton v. State, 94 Texas Crim. Rep., 367, and other cases.

4.—Same—Charge of Court—Principals.

Where the evidence raised the issue of principals there was no error in permitting a charge thereon.

Appeal from the District Court of Freestone.   Tried below before the Honorable A. M. Blackmon.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Williford & Geppert,* and *R. M. Edwards,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Officers, who testified as witnesses, found two stills and a quantity of whisky in a thick woods near a spring or branch. Appellant and several other persons were present. The appellant, a farmer about forty years of age, had lived in the vicinity for a number of years. According to his testimony, he had accompanied one Cornwell to the stills at his request to recover some nets and fish which Cornwell claimed to have lost. One of the party carried to the stills appellant's shotgun and some shells. On approaching the stills, some men ran away. It was appellant's theory that three men committed the offense, and that the presence of appellant and his companions, including Cornwell, was for the innocent purpose of looking for Cornwell's property. Evidence was introduced to the effect that three men, each in a boat, had been seen about the locality of the stills, and their movements in the vicinity was described by witnesses. One of those present at the stills was Frazier, who was also indicted. Frazier continued his case, and to have granted appellant's motion for a severance to secure the testimony would have necessitated a continuance of appellant's case. The statutes expressly declares that under such conditions the severance shall not be granted. Art. 724, C. C. P.

Mrs. Frazier, according to an application for a continuance, would have testified that Cornwell had told her he was going to get appellant to go with him to the stills to get his nets and fish. The hearsay rule apparently would have rendered this testimony inadmissible. Appellant and several other witnesses testified that appellant went to the stills at Cornwell's request to hunt his nets and fish. When the officers approached, the stills were in full operation, all necessary equipment for making whisky was at hand, and some fifteen gallons of whisky were there, all these things apparently being in possession of the appellant, Cornwell and others. Considering the defensive theory and testimony, the proof of Cornwell's attempted flight when the officers suddenly appeared and commanded the parties to hold up their hands was not improperly received. According to appellant's testimony and theory, he and Cornwell were acting together, and Cornwell's act upon the discovery of the parties by the officers was so

connected with the transaction as to render it admissible against the appellant.

Appellant's testimony in his own behalf is, in substance, this: That the locality of the stills was known to him; that three strangers had been seen upon the river and near the locality of the stills; that they were using boats, which were covered with tarpaulin, going in the direction of the stills; that they had been seen with something in sacks; that when appellant and the others approached the stills, the persons ran off. Neither the number or the identity of the persons was known to the appellant. About thirty minutes later, the officers appeared, drew their pistols, ordered the appellant and others to hold up their hands, and put them under arrest. On cross-examination, appellant was asked by the State why he did not tell the officers about the three men. The State also elicited from the officer who made the arrest that appellant, at the time, had not mentioned the three men or any men running away from the stills. Objection was made to each of these matters upon the ground that they were violative of the statute on confessions. That statute has been construed as inhibiting proof against the accused on trial of his silence at the time of his arrest. Stanton v. State, 94 Texas Crim. Rep., 367; Branch's Ann. Tex. P. C., Sec. 59; Weaver v. State, 43 Texas Crim. Rep., 346; Thompson v. State, 78 S. W. Rep., 691. Silence of one when accused of crime is a circumstance against him (Underhill on Crim. Ev., Sec. 208), but while under arrest he is not called upon to speak, and proof of his failure to do so should be rejected. Art. 810, C. C. P., also Fulcher v. State, 28 Texas Crim. App., 465; Frazier v. State, 52 Texas Crim. Rep., 131; Nolen v. State, 14 Texas Crim. App., 474.

The circumstances were such as raised the issue of principals. There was no error in instructing the jury upon the law of principal offenders.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded*