FRANK STACH v. THE STATE.

No. 8085.   Decided April 9, 1924.

1—Unlawfully Possessing Intoxicating Liquor—Silence of Defendant—Declaration of Third Party.

Where, upon trial of unlawful possession of intoxicating liquor, the justice of the peace was permitted to testify that about four months before the date of the transaction, he said to the defendant: "You have been bootlegging, Frank, take a fool's advice and quit, or you are going to get into trouble;" and that to this the defendant made no reply, and that the justice made this declaration because he had previously looked through the window of defendant's dwelling and observed him pouring whisky and water into soda water bottles, this was reversible error.   Following: Calloway v. State, 65 Texas Crim. Rep., 262, and other cases.

2.—Same—Evidence—Practice in Trial Court.

There was no error in receiving in evidence the statement of the justice of the peace touching what he saw while looking through the window, nor of the sheriff concerning what he learned by virtue of the search warrant, nor was the act of defendant in opening the door of his premises to let the sheriff execute the warrant such an act as would be inadmissible under the confessions cited.

Appeal from the District Court of Milan.   Tried below before the Honorable John Watson.

Appeal from a conviction of unlawfully possessing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis,* for appellant.—On question of silence of defendant: Ritter v. State, 242 S. W. Rep., 469; Hanna v. State, 46 Texas Crim. Rep., 5.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

A witness, who was a justice of the peace, looking through the window of the appellant's dwelling, observed him pouring whisky and water into soda water bottles.   There were seven or eight bottles on hand which were taken possession of by the witness and a constable who was present.   In the appellant's possession were a number of corks and a funnel, a jug containing about half a gallon of whisky, and another jug containing some wine; also a tube or whisky tester. The justice of the peace, over the objection of the appellant, was permitted to testify that about four months before the date of the

transaction upon which the prosecution is founded, the witness said to appellant: "You have been bootlegging, Frank, take a fool's advice and quit, or you are going to get into trouble"; that to this the appellant made no reply. The witness also testified that his presence at appellant's window was discovered by him and the witness said to him: "Frank, I have warned you about this," and the appellant made no reply. This testimony was calculated to impress the jury with the view that the appellant, by his silence on both occasions, had admitted his guilt, either of the particular offense for which he was on trial or kindred offenses. While at the moment appellant had not been formally arrested, he was in the presence of the justice of the peace and a constable, and was immediately put in custody. Under these circumstances, his silence, when accused of a crime, would not be admissible against him. Calloway v. State, 55 Texas Crim. Rep., 262; Dekle v. State, 95 Texas Crim. Rep., 330, 257 S. W. Rep., 882; also Art. 810, C. C. P. Neither the remark, "Frank, I have warned you about this," nor the previous remark, charged the appellant with the present offense in a manner sufficiently specific to require an answer, and therefore was not admissible without reference to the question of arrest or custody. The circumstances under which the silence of one accused of an offense is provable is discussed in Wharton's Crim. Ev., Vol. 2, Sec. 680, in which it is said in substance that the accusation must be direct and of a nature calling for a reply and must relate to the particular offense charged. For a discussion of it by this court, see Crowell v. State, 56 Texas Crim. Rep., 480, 120 S. W. Rep., 897; Ritter v. State, 92 Texas Crim. Rep., 247, 242 S. W. Rep., 469; Myers v. State, 96 Texas Crim. Rep., 546, 258 S. W., Rep., 821; Stanton v. State, 94 Texas Crim. Rep., 366; Branch's Ann. Tex. P. C., Sec. 59; Underhill on Crim. Ev., 3rd Ed., Sec. 208. The previous remark was moreover improperly received in that it, without the facts in the record to support it, gave the opinion of the witness that the appellant was a law breaker.

The evidence in the present case, while sufficient to support the conviction, it is not so definitely and obviously so as to warrant the conclusion that the verdict is not based in part upon the declarations of the justice of the peace and the silence of the appellant. See Fulcher v. State, 28 Texas Crim. App., 465.

There was no error in receiving in evidence the testimony of the justice of the peace touching what he saw while looking through the window; nor of the sheriff concerning what he learned by virtue of the search-warrant. Welchek v. State, 93 Texas Crim. Rep., 271; Rippey v. State, 86 Texas Crim. Rep., 539, 219 S. W. Rep., 463. Nor was the act of the appellant in opening the door of his premises in order that the sheriff might execute the seach-warrant such an act of the accused as would be inadmissible under the confession statute, Art. 810, C. C. P.

For the reason pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*