W. H. HENSON v. THE STATE.

No. 9141.    Delivered October 28, 1925.

1.—Manufacturing Intoxicating Liquor—Charge of Court—Erroneous—Cured by Main Charge.

Where the court erroneously gave a special charge requested by the state that the burden of proof was upon the defendant to show that he manufactured the liquor for medicinal purposes, without coupling the reasonable doubt with said charge, the error presented was cured by the main charge of the court, and a requested charge by appellant which submitted the reasonable doubt properly in connection with the charge on the burden of proof. Following Clevenger v. State, 255 S. W. 622 and other cases cited.

2.—Same—Bill of Exception—Question and Answer Form.

Where a bill of exception is brought before us in question and answer form, it will not be considered. Appellant's bills numbered 4 and 5, are so defective, and for that reason cannot be considered.

3.—Same—Evidence—Res Gestae—Admissible.

Where complaint is presented, that at the time of his arrest, appellant stated to the officers, "Boys you have caught me with my pants down, and that he had played hell, or something of that kind" such testimony was properly admitted as res gestae, and if not res gestae was harmless in the light of the fact that appellant admitted on the trial that he was manufacturing whisky.

4.—Same—Evidence—Silence of Defendant—Not Admissible.

Where on a trial for manufacturing intoxicating liquor, the appellant had testified that he had manufactured the liquor for medicinal purposes, it was error to permit the state to prove in rebuttal that at the time of his arrest appellant did not say anything about what purpose the whisky was being made for. It is reversible error for the state to prove that the defendant remained silent after his arrest. Following Simmons v. State, 50 Tex. Crim. Rep. 527; Thompson v. State, 88 Tex. Crim. Rep. 29 and other cases cited.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*King, Mahaffey & Wheeler,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted, tried and convicted in the district court of Cass County for manufacturing liquor and his punishment assessed at one year's confinement in the penitentiary.

The appellant in this case admitted upon the stand, that he manufactured the whiskey in question, but contended that it was for medicinal purposes.

Complaint is made by the appellant to the action of the court in giving charge to the jury at the request of the State a special charge to the effect that the burden of proof was upon the defendant to show that he was manufacturing the whiskey in question for medicinal purposes.

This charge alone might be subject to said complaint, for failing to instruct the jury that if they believed appellant was manufacturing the liquor for medicinal purposes or if they had a reasonable doubt thereof to acquit. In the court's general charge and a special charge given at the request of appellant, the court did so instruct the jury, and we think thereby overcame the criticism made. Clevenger v. State, 255 S. W. 622; Jones v. State, 257 S. W. 895; Garcia v. State, 273 S. W. 856.

Appellant complains of the action of the court in permitting the State to prove by the witness Allbright that he, appellant, was drinking and slightly intoxicated at the time the officers came upon them at the still in question. We see no error in the admission of this testimony. The appellant admitted on the stand that he made the whiskey and that he had drunk a great deal of whiskey and had been under the influence of it, all without objection and besides, the testimony was *res gestae* of the transaction.

By bill of exceptions No. 4, complaint is lodged against the action of the court in permitting the district attorney to ask the defendant on cross-examination relative to Dr. Jackson's liking to take a drink. This bill was in question and answer form, and in violation of Article 846, C. C. P., and we are not authorized to consider same.

Bill of exceptions No. 5, is also in question and answer form and what has been said with reference to bill No. 4, applies to this bill. This court has repeatedly held under said article supra, and many decisions, that it cannot and will not consider bills of exception in question and answer form.

By bill of exceptions No. 7, appellant complains of the action of the court in permitting the State's witness, Curtwright, to testify that the defendant as soon as he was arrested at the place where they were making the whiskey stated, "Boys, you have caught me with my pants down and that he had played hell or something of that kind." Such statements have been held by this court many times to be admissible as a part of the *res gestae* under the same or similar circumstances. Rayburn v. State, 255 S. W. 436; Coburn v. State, 255 S. W. 613, and authorities therein cited.

If same are not *res gestae* statements, it will be harmless error in this instance because the appellant admitted on the stand that he was making the whiskey in question.

In bill of exception No. 6, the appellant complains of the action of the court in permitting the State to prove by its witness, Curtwright, that he, defendant, when arrested did not say anything about for what purpose the whiskey was being made. This presents the only serious question in this case for our consideration revealed by the record.

In the case of Rippley v. State, 58 Tex. Cr. Rep. 489, Judge Davidson held that it was reversible error for the State to prove that the defendant remained silent after his arrest, citing Simmons v. State, 50 Tex. Cr. Rep. 527, and reaffirming this doctrine in the case of Thompson v. State, 88 Tex. Cr. Rep. 29. This court has repeatedly held that it was reversible error to make proof of the defendant's silence, in the case of Skirlock v. State, 272 S. W. 1782, and Johnson v. State, 2 72 S. W. 783.

We believe the action of the trial court in permitting the State to introduce evidence as to the defendant's silence was error, which requires the reversal of this case.

For the error above mentioned, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.