## W. H. HENSON V. THE STATE.

No. 10769.   Delivered March 25, 1927.

Rehearing denied May 16, 1927.

**1.—Manufacturing Intoxicating Liquor—Suspended Sentence Law—In Liquor Cases—Statute Construed.**

Art. 689, P. C., which provides that no person over the age of 25 years when convicted of a violation of our liquor laws shall be entitled to a suspended sentence, is a special law, applicable only to Chap. 7, P. C., and is not in conflict with Art. 776, C. C. P., which is a general law, applying to all felony convictions, except those enumerated therein.

**2.—Same—Requested Charge—On Defensive Theory—Properly Refused.**

Where, on a trial for manufacturing intoxicating liquor, the defense being that the liquor was being manufactured for medicinal purposes, there was no error in refusing appellant's special charge to acquit if the jury believed that the liquor was being manufactured for medicinal purposes, "or other purposes."

**3.—Same—Evidence—Intoxication of Accused—Properly Admitted.**

Where the sheriff was permitted to testify that when arrested at the still, which was in operation, the appellant remarked to the officers arresting him, "Well, boys, you have caught me with my pants down," and that he was at the time intoxicated, the evidence was properly admitted.

**4.—Same—Verdict of Jury—Held Sufficient.**

Where a verdict was signed, "Foreman," preceding the name instead of following that of the name of the foreman, same was sufficient.  Under Art. 687, C. C. P., it has been held that it is not absolutely necessary for the verdict to be signed.  See Yarbor v. State, 24 S. W. 645; Mackey v. State, 151 S. W. 802, and State v. Lynes, 184 S. W. (Mo.) 533; State v. Jackson, 253 S. W. (Mo.) 735.

ON REHEARING.

**5.—Same—No Error Discovered.**

On rehearing appellant insists that our original opinion, in passing upon his requested charge and the admission of testimony to the effect that at the time of his arrest he was intoxicated, was in error.  We cannot agree with his contention, and his motion for rehearing is overruled.

Appeal from the District Court of Cass County.  Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

This is the second appeal of this case.  The first appeal will be found in 101 Tex. Crim. Rep. 617, where a sufficient statement of the facts is given.

*King, Mahaffey & Wheeler*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

This is the second appeal of this case to this court. The first appeal will be found in 101 Tex. Crim. Rep. 617, 276 S. W. 926, where a sufficient statement of the facts is given.

The record contains five bills of exception. Bill No. 1 complains of the refusal of the court to submit to the jury, appellant's application for a suspended sentence, the court's refusal being based upon the fact that the appellant, at the time of the alleged offense, was about sixty years of age and consequently did not come within the provisions of Art. 689, P. C., which provides that no person over twenty-five years of age who is convicted of violating the liquor laws (Ch. 7, P. C.) is entitled to the benefits of the suspended sentence act. It is the contention of the appellant that Art. 776, C. C. P., to the effect that a person convicted of any felony except murder, perjury, burglary of a private residence at night, etc., whose punishment does not exceed five years, etc., is entitled to the benefits of the suspended sentence law, supercedes and, in effect, repeals Art. 689, P. C. We are not in accord with this contention and are clearly of the opinion that Art. 689, P. C., which limits applicants for a suspended sentence upon conviction of violating the liquor laws to persons under the age of 25 years, is a special law applicable only to Ch. 7, P. C., and to persons convicted of violating the liquor statutes, while Art. 776, C. C. P., is a general law applying to all felony convictions except those enumerated therein, and that in whiskey cases Art. 689, P. C., takes precedence over said Art. 776, C. C. P.

Bill of exception No. 2 complains of the refusal of the court to give in charge to the jury appellant's special charge No. 2 to the effect that if the jury believed from the evidence that appellant was manufacturing the alleged liquor for medicinal purposes, "or other purposes," to find him not guilty. We are of the opinion that the court committed no error in refusing to give this special charge. The only defense interposed by appellant was that he was making the whiskey for medicinal purposes. This special charge, in embracing the phrase "or other purposes," would have authorized the jury to return a verdict of not guilty, although they might have believed that appellant was making the whiskey for the purpose of sale.

Bill No. 3 complains of the action of the court in permitting

the officer, Albright, to testify, over appellant's objection, that the appellant, when arrested, was in a state of intoxication. This bill presents no error, since the testimony objected to was part of the res gestæ and clearly admissible. Upon the former appeal we held that the admission of this evidence was not error. Also see Edelen v. State, 281 S. W. 1078.

In bill No. 4 complaint is made to the action of the court in permitting the state to prove by the witness Albright that the appellant remarked to the officers arresting him, "Well, boys, you have caught me with my pants down." This bill, as presented, fails to show that this statement was not res gestæ, and in the absence of such showing the presumption is that the court ruled correctly thereon. Edelen v. State, 281 S. W. 1078.

Bill No. 5 complains of the refusal of the court to sustain appellant's motion to arrest the judgment herein, first, because the indictment fails to allege that the appellant manufactured spirituous, vinous, intoxicating, or malt liquors, etc., and, second, because the verdict is unintelligible. We are of the opinion that both of these contentions are untenable. The indictment charges that the appellant "did then and there unlawfully manufacture spirituous, vinous and intoxicating liquor and malt liquor and medicated bitters capable of producing intoxication," etc. We think this is amply sufficient.

The verdict of the jury is as follows:

"We, the jury, find the defendant, W. H. Henson, guilty as charged by indictment and assess his punishment at confinement for one year in the penitentiary.

"Foreman J. O. Logwood."

The fact that the word "foreman" precedes the name "J. O. Logwood" does not, in our opinion, render said verdict invalid. Art. 687, C. C. P., states that in felony cases "not less than twelve jurors can render a verdict. * * * It must be concurred in by each juror and signed by the foreman." This court has held that it is not absolutely necessary for the verdict to be signed under this statute. Yarber v. State, 24 S. W. 645; Mackey v. State, 151 S. W. 802. It will be observed that the statute does not state how or where the verdict shall be signed, whether before or after the word "foreman," and we take it to be immaterial whether the title or the signature comes first. This identical issue has been decided in Missouri against the contention of appellant. State v. Lynes, 184 S. W. 535; State v. Jackson, 253 S. W. 735.

Finding no error in the record, after a careful examination

thereof, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his claim that the trial court erred in refusing to give his special charge No. 2. The bill of exceptions complaining of the refusal of this charge sets out that same was refused because it was covered by the main charge, and omits the word "solely." In the main charge the jury were told that if they believed appellant manufactured intoxicating liquor solely for medicinal purposes, or if they had a reasonable doubt thereof, they should find him not guilty. The special charge referred to sought to have the jury told that if they believed from the evidence that appellant manufactured the liquor alleged, for medicinal purposes, "or if you have a reasonable doubt as to whether he was manufacturing it for medicinal purposes, or for other purposes," they should find him not guilty. We are of opinion that the law of the case was covered by the main charge, and that the special charge mentioned added nothing in legal effect to the main charge, and, as stated in our original opinion, said special charge is open to the objection that it was liable to be construed by the jury as an instruction to acquit, even though the jury might have believed that appellant was making the whiskey for other than medicinal purposes. The main charge submitted the issue in form that has been approved many times and which appears to be plain and easily understood. The validity vel non of the special charge depends upon a grammatical construction which in the opinion of some might be as contended for by appellant, and in the opinion of others, might be of a different effect. If we had any doubt as to the jury's understanding of the charge as given, our view might be different.

Appellant again insists that because the officers who arrested him stated that at the time he was under the influence of liquor, this was not provable as part of the res gestæ. Appellant appears to be of the opinion that the testimony of the officers related to a time subsequent to his arrest. The officers testified that they went up to the still with drawn pistols; that appellant

and three other men were there, and that when they told said parties to stick up their hands, appellant said: "Well, boys, you have caught me, and caught me with my breeches down." The officer testified "He was under the influence of whiskey at that time." We have no doubt of this being part of the res gestæ and provable as such.

The motion for rehearing will be overruled.

*Overruled.*

Morrow, P. J., absent.