CLARENCE JOHNSON V. THE STATE.

No. 10258.   Delivered June 22, 1927.

**1.—Murder—Declarations of Third Parties—Silence of Accused—Rule Stated.**

Where a declaration of a third party, which is not incriminating, is made in the presence of the accused, and which does not call for any denial or explanation from him, it is error to show that when such declaration was made, the appellant remained silent. See Crowell v. State, 56 Tex. Crim. Rep. 480; Ritter v. State, 92 Tex. Crim. Rep. 247, and Johnson v. State, 100 Tex. Crim. Rep. 215.

**2.—Same—Wife as Witness—Impeaching Her—Held Proper.**

Where the wife of appellant had testified in his behalf, it was proper on cross-examination to ask her if she had not made contradictory statements to those given upon the trial, and on her denying that she had, to impeach her by proving the statement made.

**3.—Same—Continued.**

"It is the settled law of the state that a wife testifying for her husband may be impeached as any other witness upon a predicate relating to her testimony in chief." Bell v. State, 224 S. W. 1108, and other cases cited.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

This is the third appeal of this case. Other appeals will be found in 98 Tex. Crim. Rep. 109 and 100 Tex. Crim. Rep. 215, where the facts will be found stated.

*Miller & Price,* and *Joe W. Taylor* of Waco, for appellant.

*C. S. Farmer,* County Attorney of McLennan County; *John B. McNamara* of Waco; *Sam D. Sinston,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE. — The appellant was convicted for the offense of murder, and his punishment assessed at five years in the penitentiary.

This is the third appeal of this case. Opinions on the other two appeals may be found in 98 Tex. Crim. Rep. 109, 263 S. W. 301; 100 Tex. Crim. Rep. 215, 272 S. W. 783. For a statement of the facts, reference is made to these opinions.

Appellant, in his bill of exception No. 1, complains of the admission of the following testimony of the witness Mrs. J. C. Cordell, who testified as follows:

"When I asked Mrs. Johnson what was the trouble or matter with Mr. Porter, I think I spoke in a voice loud enough for him to hear in that room what I asked his mother. When she replied to that question, she replied in a voice loud enough for Clarence Johnson to have heard it if there was no defect in his hearing. In reply to my question Mrs. Johnson told me that she could not tell me anything, only him and Mr. Porter had had trouble. Clarence did not make any statement in reply to that answer of his mother to my question."

The contention of the appellant is that this testimony was not admissible "because the statement 'Mr. Porter and Clarence had had some trouble' is not an accusation of guilt, because it did not charge the defendant with the commission of an offense, and because said statement was not addressed to the defendant, but that if made at all was addressed to the witness, Mrs. Cordell, and because if said statement was heard by the defendant it was a statement or declaration that called for no answer, and because it was not definitely shown that the defendant heard said statement, if made."

The rule governing the admission of testimony of this character is expressed in the case of Crowell v. State, 56 Tex. Crim. Rep. 480, and quoted by Judge Morrow in the comparatively recent case of Ritter v. State, 92 Tex. Crim. Rep. 247, which we again quote:

"It is well settled that it is error to admit in evidence a defendant's silence touching declarations made in his presence, unless such statements in effect amount to an accusation against him, and are of a character calling on him to make reply."

As we understand the law, the defendant may remain silent in such a case, or he may make any statement concerning the alleged charge against him, confronted, however, with the fact that any statement he may make can be used against him, and not for him, in the final trial.

The reply made by Mrs. Johnson to the witness does not

charge the appellant with the commission of the offense, and we see nothing in her statement regarding the trouble that would require the appellant to break the silence which he had chosen to maintain. The question was propounded drectly to Mrs. Johnson and was concerning the "trouble or matter with Mr. Porter," and Mrs. Johnson answered the question in such a way as not to amount to an accusation against appellant, and her answer called for no reply or statement from appellant. Appellant was not under arrest at the time, and anything he may have said on that occasion could have been used against him. The admission of this evidence amounts to nothing more nor less than proof of the silence of the appellant about a matter that he was neither called on directly nor by circumstances to explain or make any reply to, and concerning a conversation in which no accusation is made against him. In addition to the cases above referred to, see Johnson v. State, 100 Tex. Crim. Rep. 215, 272 S. W. 783.

What we have said with reference to bill of exception No. 1 applies with equal force to the matters complained of in bill of exception No. 2.

Bill of exception No. 3 sets out all of the evidence on direct examination of Mrs. Sadie Johnson, the wife of the appellant, and then complains that the state, upon cross-examination, was permited to ask the following question:

"I will ask you if it is not a fact that within a few minutes after the shooting you did not state to your sister, Mrs. Jessie Bewley, that Clarence and your father had had some trouble, and Clarence shot him?"

To this question, the witness, Mrs. Sadie Johnson, answered that she did not so state. Whereupon, the state placed on the witness stand Mrs. Jessie Bewley, who testified that Mrs. Sadie Johnson, wife of appellant, did make said statement to her within a few minutes after deceased was shot.

No error was committed in admitting this testimony. Appellant's wife on her direct examination, testified the killing of her father by her husband "was purely an accident." Judge Lattimore, in the case of Bell v. State, 224 S. W. 1108, reiterates the well established rule in the following language:

"It is the settled law of this state that a wife testifying for her husband may be impeached, as any other witness, upon a predicate relating to her testimony in chief."

McDougal v. State, 79 Tex. Crim. Rep. 254, 185 S. W. 15; Baker v. State, 79 Tex. Crim. Rep. 510, 187 S. W. 949.

What we have said with reference to bill of exception No. 3 disposes of bill of exception No. 4.

We pretermit a discussion of bills of exception Nos. 5 and 6, in view of the disposition of this case, as the errors complained of therein will not likely occur upon another trial.

Since this case will necessarily have to be reversed, the question whether or not the learned trial judge erred in overruling appellant's motion for new trial will not be discussed as the error complained of in said motion regarding misconduct of jury will likely not occur on another trial.

For the errors complained of, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.