CLOVIS STAFFORD V. THE STATE.

No. 16404. Delivered January 10, 1934.
Reported in 67 S. W. (2d) 287.

The opinion states the case.

*Olinthus Ellis,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft under $50.00 and over the value of $5.00, and his punishment assessed at confinement in the county jail for a term of 30 days and a fine of $50.00.

The state upon the trial hereof, established substantially the following facts: About May 1, A. D., 1932, there was taken from the farm of Glenn Costley in Randall County, Texas, without his consent, a four section harrow and eight horse eveners which were subsequently, on or about the first day of June, 1932, found on the premises of the defendant; that the property was of the reasonable market value of $37.00. The sheriff of Randall County testified that he went out to defendant's home on two occasions and searched for the alleged stolen property without having a search warrant; that on his first visit to defendant's home he discovered the alleged stolen property on the defendant's said premises. The state proved by W. G. Stafford that he was the father of the defendant and sold said harrow and horse eveners to the defendant; that said property was brought to the home of the witness by Alex and L. J. Stafford, who were engaged in farming on the witness' place and he thought nothing of it. Alex and L. J. Stafford were in the habit of bringing cattle and other stuff they had traded for to the home of the witness and to be disposed of for them while they were trading; that they traded for anything they could make a dollar out of.

At the conclusion of the aforesaid testimony by the state, the defendant filed and presented a written motion requesting the court to instruct the jury to return a verdict of not guilty and also presented a requested special peremptory charge instructing the jury to return a verdict of not guilty, both of which were overruled by the court and the appellant excepted and assigns the same as error. We are of the opinion that the appellant's position is well taken. It devolved upon the state to prove that the defendant fraudulently took possession of said alleged stolen property, but instead the state proved that he acquired it by legal means and in a lawful manner. Under such state of facts the court erred in declining to instruct the jury to return a verdict of not guilty.

By bill of exception the appellant complains of the argument of the county attorney in using the following language in his closing argument: "If the defendant had an honest defense, he would have taken this witness stand and told you all about how he got this harrow and eveners, but I do not blame him for that. I do not want you to charge up to the defendant the crooked way in which his lawyer tries his case. His lawyer is to blame and he is good at such stunts as trying to fool a jury in one way or another." The appellant objected to said argument, which objections were overruled, and he excepted. The argument complained of was clearly in violation of article 710, C. C. P., and this court has consistently held such conduct on the part of the prosecuting attorney to be of such prejudicial nature as to require a reversal. See Alvilla v. State, 22 S. W., 406; Sanchez v. State, 69 S. W., 514.

The matters complained of in bills of exceptions Nos. 3, 4, and 5 may not arise again upon another trial.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the deputy sheriff to testify that he had heard of Costley's loss of the harrow, eveners, and lister and he went to the defendant's home in Parmer County looking for the stolen property before the defendant had been taken into custody, and there found what he believed to be the stolen property. The deputy sheriff further testified that at the time he had no warrant of arrest nor a search warrant, whereupon the defendant objected to said testimony and asked that the same be excluded, which objection was overruled and the defendant excepted. In view of the disposition that we are making of this case, we pretermit a discussion of the question raised by the bill of exception as the same facts may not develop upon another trial. However, for the guidance of the trial court upon another trial we refer to the following

cases, to-wit: Henson v. State, 107 Texas Crim. Rep., 13; Green-wood v. State, 9 S. W. (2d) 352; Davis v. State, 21 S. W. (2d) 509.

By reason of the insufficiency of the evidence to sustain the allegations of the charge of theft, and the error pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.