## NORWOOD McCALL v. THE STATE.

No. 18485. Delivered October 28, 1936.
Rehearing Denied December 2, 1936.
Second Rehearing Denied December 23, 1936.

The opinion states the case.

*Paul E. Parkins,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

Johnny Henderson, the injured party, testified, in substance, as follows: In the early morning of the 21st of November, 1935, while he was working in the sandwich shop of Bill Lewis, appellant robbed him of approximately $165. Marvin Lee (Bill) Matthews, an accomplice witness, testified that he was present with appellant on the occasion of the robbery and aided him in perpetrating it.

Appellant did not testify but introduced witnesses whose testimony raised the issue of alibi.

It is shown in bill of exception No. 12 that the district attorney, in his closing argument, stated to the jury that appellant had a right to have counsel to point out his good points as well as his bad points, and that not a good point had been brought out in the evidence. Appellant objected to the argument on the ground it constituted an illusion to his failure to place his general reputation as a peaceable and law-abiding citizen in issue. The court qualified the bill of exception with the statement that the argument was invited. As qualified, the bill fails to reflect reversible error.

It is shown in bill of exception No. 10 that the district attorney, in argument, stated to the jury, in substance, that alibi and accomplice witnesses "were on the same footing," and that no more weight "could be placed upon the testimony of an alibi witness than could be placed upon that of an accomplice witness." If it should be conceded that the argument was improper, it is observed that the bill of exception fails to disclose that the testimony of any of appellant's witnesses

raised the issue of alibi. In short, it is not shown that the argument could have prejudiced appellant's rights. The bill being insufficient, we must hold that it fails to reflect reversible error.

It is shown in bill of exception No. 11 that the district attorney stated in argument, in substance, that it was lamentable that young boys were committing robberies. It is stated in the bill that appellant was only 21 years of age. We would not feel warranted in holding that the statement of the district attorney was improper.

In the order overruling the motion for new trial the court allowed appellant 60 days in which to file his bills of exception. This order was entered February 12, 1936. On the 20th of April, 1936, the court entered an order giving appellant 90 days from the 12th of February within which to file the bills of exception. At the time said order was entered the court was without power to further extend the time, in as much as the time originally granted had expired. Bills of exception 5 and 6 were filed May 11, 1936. Manifestly they were filed too late to be entitled to consideration.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's request for leave to file second motion for rehearing is accompanied by a duly certified copy,—made by the district clerk and approved by the district judge,—of an order of extension of time for filing bills of exceptions, which was incorrectly stated in the record as originally before us. Consideration of this order leads us to withdraw an opinion handed down by us on December 2, 1936, and to consider appellant's bills of exception in passing upon his motion for rehearing, consideration of said bills of exceptions having been refused in our original opinion.

Bill of exceptions No. 5 sets out that while Henderson, prosecuting witness, was on the witness stand he was handed a knife which he identified as belonging to him, and same was

offered in evidence, over the objection of appellant that same was harmful and prejudicial and solved no disputed issue. Turning to the statement of facts we note that Henderson testified as to the property taken from him by appellant on the occasion of the alleged robbery, and was shown a knife, and,— both in direct and cross-examination,—identified said knife as his, and the State offered it in evidence. We fail to see any merit in the objection. If there be valid reasons for withholding the knife as evidence from the jury, same do not appear in the bill of exceptions. The injured party testified that the knife was a part of the property taken from him in the robbery.

As far as we can tell from bill of exceptions No. 6, the matters therein complained of were brought out in the examination of witness Hayman Moore by appellant's own counsel. It might be regretted that such examination brought out facts which were deemed objectionable by appellant, but we are not able to see how this court could be expected to reverse a case upon any such ground.

Believing the case should be affirmed, after the consideration of said bills of exceptions, the motion for rehearing will be overruled.

*Overruled.*