## ALVIN PORTER V. THE STATE.

No. 22914. Delivered June 21, 1944.
Rehearing Granted, October 25, 1944.
Appellant's Motion for Rehearing Denied (Without Written Opinion)
November 22, 1944.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) December 13, 1944.

The opinion states the case.

*Marvin P. McCoy* and *McCoy & Kelley,* all of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for burglary, punishment assessed at three years in the penitentiary.

The indictment charged that Willie D. Darby, John Douglas Johnson, Alvin Porter, Valquit Burney and James Washington jointly burglarized a house controlled by G. H. Owens. The record shows that Darby and Washington had entered pleas of guilty and were serving terms in the penitentiary. Porter was alone upon trial in the present case.

The evidence shows that a furniture store was burglarized on October 17, 1943, and three gas stoves stolen. It is further in evidence that appellant on the same day sold a stove to Alberta Good, telling her at the time that his boss had given the stove to appellant. With appellant at the time of the sale to Alberta Good were Burney and Washington. Ben Davis testified that he also bought a stove from appellant under rather suspicious circumstances. This witness saw no one with appellant at the time this witness bought the stove. Both stoves mentioned were recovered by officers and identified as two of those stolen. Up to this point the State had made out a case of possession by appellant of recently stolen property, under Sec. 2346, p. 1283, Branch's Ann. Tex. P. C., and cases cited thereunder.

'Appellant testified, admitting the sale to Good, denying, however, that he told her his boss had given it to him; but asserted that he received the stove from Washington, and had no part in the burglary. He denied in toto the sale to Davis. The State then placed upon the stand Washington who had been brought from the penitentiary to testify. He testified that only he and Darby

burglarized the store. The State claimed surprise, and the witness admitted that he had told officers that appellant and the other parties indicted participated in the burglary, and had told the same story to the Assistant District Attorney the night before he was placed on the witness stand. He having misled the representatives of the State, they, of course, had the right to impeach him by showing his contradictory stories, but apparently in an effort to get Washington to retract his evidence that only he and Darby were guilty of the burglary the State continued to question the witness, who steadfastly asserted that his former statements were untrue and that appellant, Burney and Johnson had nothing to do with the burglary and that he and Darby met appellant on the street after the burglary had been committed. Thus it will be seen that the State by Washington, if the jury had believed him, destroyed the case theretofore made out against appellant. Evidently the jury gave no credence to this witness' evidence.

Six bills of exception appear in the record. None appears to present error nor call for discussion save the fifth. It reveals that during the closing argument of the District Attorney he used the following language.

"Today is the first time that the defendant has ever made a statement or explanation concerning his connection with this case, that is, with the burglary. He did not make a statement at the time of his arrest by an officer and if he had been innocent he would have given an explanation at the time of his arrest - - - that some other man let him have the stove."

The argument was objected to and overruled. We find no evidence supporting the statement that appellant's first explanation concerning the burglary was in his evidence on the trial, nor that he was silent when arrested. Indeed, it would have been error to admit evidence of appellant's silence when arrested, over his objection. See Brown v. State, 101 Tex. Cr. R. 639, 276 S. W. 929; Henson v. State, 101 Tex. Cr. R. 617, 276 S. W. 926; Stach v. State, 97 Tex. Cr. R. 280; 260 S. W. 569; Myers v. State, 96 Texas Crim. Rep., 546; 258 S. W. 821. Many other authorities are referred to in the cases mentioned. In his zeal the representative of the State supplied this improper evidence and utilized it against appellant.

For the error mentioned the judgment must be reversed and the cause remanded, and it is so ordered.

ON MOTION FOR REHEARING.

GRAVES, Judge.

In so far as bill No. 5 is concerned, we find that appellant's attorneys presented to the court their bill No. 5, omitting formal parts, as follows:

"Be it remembered that on the trial of the above styled and numbered cause the assistant district attorney committed material error in his argument to the jury, in which he used this language: Then follows the language set forth above herein. The bill then continues:

"This argument was objected to at the time by counsel for the defendant, as it carried the imputation to the jury that the defendant's silence at the time of his arrest was destructive of the truthfulness of his explanation given at the time of the trial." Then follows that appellant made timely exception to the same, and tendered such as a bill of exception and requested that same be approved, "allowed and ordered filed as a part of the record in this cause; that said argument was unsworn, argued facts that were not testified before the jury; it was improper, highly prejudicial, and destructive of his right of explanation of his connection with the alleged offense."

We find this bill in the same condition as all the bills herein to this extent. Appellant's attorneys prepared their bills of exceptions and presented same to the court, the majority of which were worded so as to have the trial court certifying in such bill that material error had been committed. The court then qualified such bills, refusing to certify error. Appellant's attorneys then excepted to such qualification, thus requiring the court to prepare his own bill. No bystanders' bills were presented nor filed by appellant's attorneys, and we therefore have present bills of exceptions prepared by the trial court.

The trial court qualified such bill No. 5 as follows:

"The above and foregoing bill of exception No. 5 is signed and ordered filed by the court, but the court does not certify that the assistant district attorney committed material error in his argument to the jury, and there was no objection by counsel for the defendant on the ground set forth in the bill."

Obviously bill of exceptions No. 5 as prepared by appellant's attorneys and presented to the trial court called for a qualification by such court, otherwise he should have given appellant a

new trial. In other respects such presented bill was inadequate to show a proper objection to the argument in that it was not therein shown that such remarks were without the record, or were not called for by some argument of opposing counsel, or that such statement was not a part of legitimate discussion of the evidence or argument of counsel. See Fuller v. State, 108 S. W. (2d) 363; Robinson v. State, 119 Tex. Cr. R. 467; McCall v. State, 131 Tex. Cr. R. 447, 99 S. W. (2d) 302.

The trial court's bill, leaving out the certification as to material error, sets forth the statement of the State's attorney, and follows: "Whereupon counsel for the defendant objected to such argument of the assistant district attorney." His objection being overruled, he excepted and said: "We reserve our bill."

We think this was all that was required of the careful trial court.

Under these facts, we think appellant's bill No. 5, as presented herein, is defective in that same does not show that the matters mentioned in the complained of argument were not in the record, and were not provoked or invited by any argument of appellant's attorneys.

We have considered all remaining bills and find same without error.

The insufficiency of bill No. 5, as herein pointed out was not called to our attention upon the original submission hereof.

We think that the State's motion for a rehearing should be granted, and that this judgment herein should be affirmed, and it is so ordered.