**Felipe Angel GAMBOA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45042.**

Court of Criminal Appeals of Texas.

June 14, 1972.

Pena, McDonald & Gutierrez by L. Aron Pena, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Allyn Zollicoffer, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for driving while intoxicated a motor vehicle upon a public highway. The trial was before the court without the intervention

of a jury. The punishment assessed was 9 months in the County Jail and a $100.00 fine.

At the outset, appellant vigorously challenges the sufficiency of the evidence to sustain the conviction, particularly contending that the evidence fails to reflect that he was the driver of the motor vehicle in question.

Jack Slay testified that on March 7, 1970, he arrived at the scene of an automobile collision at an intersection north of Highway 107; that shortly before the collision, a Chevrolet, "probably about a 1956 Chevrolet," had passed him at a high rate of speed. Upon arriving at the scene, he related that he started toward Stephenson, "driver of the other car," who was in a plowed field, but saw a little girl covered with dirt and he dug her out and helped get her into the ambulance upon its arrival. He further testified he knew Stephenson was hurt "but he wasn't in too bad a shape at that time, and the Highway Patrol officers arrived and made out a statement for them, and the two occupants of the other car and when I arrived at the scene they were laying next to the car in the ditch." Slay related he did know these occupants by name and did not give any physical description and he made no courtroom identification. He did state, "I made out the report to the officers and the other boy that was involved also he made out a report and that was all I knew about it up until they called me here."

Dale Johnson, Texas Highway Patrolman, testified that he was called to the scene of an accident approximately four miles east of Edinburg on "Texas 107" about 5:30 p. m. on March 7, 1970. He revealed that upon his arrival, the occupants of the vehicles involved in the accident were not there as "they were on their way to the hospital." He made an investigation of the scene, identifying vehicle number one as "I believe a 1959 Chevrolet" and number two as a Falcon station wagon which model year he did not recall. Other officers arrived on the scene about the same time and there were several people at the scene who came up and talked to all of the officers.

Johnson and his partner, Officer Brooks, subsequently went to the Edinburg Municipal Hospital at approximately 6 p. m. and asked to see the people involved "in the accident." They were directed by a nurse to the X ray room. They found two boys on beds with wheels out in the hall, their beds forming "sort of a T." Johnson related that he "walked directly up to the first boy there by the door. I just walked up and asked him 'What happened out there?'. He said 'I don't know, I wasn't driving, he was' and pointed to the defendant." He later learned the "first boy" was George Sanchez. He then determined that the appellant had no driver's license, and expressed the opinion, based upon his experience, that the appellant was intoxicated, he noted that the appellant's voice was loud, his speech slurred, his eyes bloodshot and "glazed over", his conduct belligerent, his smell alcoholic. Johnson then obtained a written consent to draw blood and had a doctor perform such function.

The chain of custody of the blood sample was established and the chemist testified the sample "contained .14% alcohol by weight."

Officer Brooks testified and his testimony was much the same as that of Officer Johnson. He related that when Sanchez made his statement the beds were approximately "a foot and a half" apart and that Sanchez's "hand moved in the general direction of the bed on which Felipe was lying." He testified that the appellant could have heard the statement but he didn't know whether the appellant was listening. He also testified that in his opinion the appellant was intoxicated and was incoherent. When asked if the appellant had difficulty in comprehending questions propounded, Officer Brooks answered, "It took a little bit longer than the average person when we would ask him a question."

Jerry Stephenson testified that he and his six-year old daughter, Sherry, were in a Falcon station wagon which was struck by the other car at 5:25 p. m. on the date in question. He testified he "woke up in the hospital" and didn't remember even seeing the other car. He did not recall even being conscious at the scene of the accident.

Appellant contends that the foregoing evidence is insufficient to show that he was driving a motor vehicle which is an essential element of the offense with which he was charged. He relies upon Weldon v. State, 397 S.W.2d 859 (Tex.Cr.App.1966). See, also, Foreman v. State, 170 Tex.Cr.R. 265, 340 S.W.2d 46 (1960); Sharp v. State, 164 Tex.Cr.R. 80, 296 S.W.2d 932 (1957).

He recognizes the testimony of Patrolman Johnson as to the statement of Sanchez made at the hospital, but contends that same was admitted over his objection that the same was hearsay, that the proper predicate was not laid, etc. and that same was clearly inadmissible.

The State relies upon the rule that the silence of an accused to an accusation made in his presence is admissible against him provided he is not under arrest at the time.

In 1 Branch's Ann.P.C.2d Ed. § 87, p. 91, it is written:

"Before silence can be construed as a confession of the truth of a statement made in defendant's presence, it must be clearly shown that he heard and understood the statement, and that it called for a reply. . . ."

2 McCormick & Ray Texas Law of Evidence § 1152 (Admissions of a Party), p.

44, briefly states the rule as it exists in this state, as follows:

". . . Where a statement is made in the presence of a party under such circumstances that he heard and understood what was said, had an opportunity to reply and would naturally have replied unless he admitted the truth of the statement his silence may be received as a tacit admission of its truth. The Texas courts are strict in the enforcement of these limitations. The offering party must affirmatively show that each of the requisite conditions existed. . . ."[1]

24 Tex.Jur.2d Evidence § 626, p. 192, discussed the rule as follows:

"In criminal cases, if the accused fails to deny an incriminating accusation made to him or in his presence, the fact that he was silent is properly admissible against him as an admission of guilt. For such evidence to be admissible as an admission of guilt, however, *the statement made must have been an accusation of crime* that called for a denial or a reply. Moreover, the accused must actually have heard the statement and had an opportunity to deny it. And it is essential that the accused should not have been under arrest or in confinement at the time the statement was made." (Emphasis supplied.)

In the instant case, the State contends that at the time of the statement, the appellant was not under arrest, although the evidence reflects that he certainly was moments later. The fact that silence under arrest may not be used has even been applied to silence in the presence of an arresting officer or magistrate where the accused was not formally arrested. Stach v. State, 97 Tex.Cr.R. 280, 260 S.W. 569 (1924). We need not, however, rest our

---

1. In O'Quinn v. State, 55 Tex.Cr.R. 18, 115 S.W. 39 (1908), it was held that before the acquiescence of a defendant in the language or conduct of another can be assumed as the concession of the truth of any particular statement, the facts must show beyond a reasonable doubt that the language was heard or the conduct understood by the defendant at the time.

decision on whether the appellant was under arrest or not.

■ The rule in question has no application where the statement made in his presence is ambiguous or has a double meaning, Welch v. State, 46 Tex.Cr.R. 528, 81 S.W. 50, 52 (1904), or is not an accusation of a crime or does not show some criminality. See Crowell v. State, 56 Tex. Cr.R. 480, 120 S.W. 897 (1909); Johnson v. State, 107 Tex.Cr.R. 312, 296 S.W. 887 (1927).

■ In the instant case, there was no proof offered to show that Sanchez and the appellant were at or near the scene of the alleged offense at or near the time of the accident. The officer's question directed to Sanchez was, without further clarification, "What happened out there?". Sanchez's disclaimer included the assertion that the appellant was driving. It would be difficult to describe such statement as an accusation of a crime so as to call for a reply or a denial assuming that the appellant heard and understood the statement.

He may have heard the remark as a result of contiguity or other opportunities of hearing but there is no evidence that he was being accused of driving a motor vehicle while intoxicated and being involved in an accident at a particular place.

As pointed out in Stach v. State, supra,

". . . The circumstances under which the silence of one accused of an offense is provable is discussed in Wharton's Crim.Ev. vol. 2, § 680, in which it is said in substance that the accusation must be direct and of a nature calling for a reply and must relate to the particular offense charged. . . ." 260 S.W. at 570.

■ Still further, if, from the circumstances, it appears that an accused is asleep, unconscious from intoxication, physically disabled from answering or physically suffering so as to probably be unable to understand any statement made, his silence signifies nothing and the statement is inadmissible. O'Quinn v. State, supra; State v. Epstein, 25 R.I. 131, 55 A. 204 (1903). In Bloomer v. State, 75 Ark. 297, 87 S.W. 438 (1905), the statement made in the accused's presence was excluded where the accused was drunk.

■ In the instant case, the evidence reflects that the appellant was intoxicated, his eyes glazed over, and he was incoherent, and even later had difficulty comprehending the officer's questioning. The record is not clear as to the extent of appellant's injuries. There was some indication he had a broken nose and, at the time of the statement, was outside the X ray room to determine if there were other injuries.

Clearly, under the circumstances, appellant's silence could not be used against him and the statement of Sanchez was inadmissible.

■ It is true that where inadmissible evidence is admitted in behalf of the State in a case tried before the court, it will be presumed on appeal that the trial court disregarded such evidence, and the case will be affirmed if there is sufficient proper evidence in the record to sustain the judgment of conviction. Malone v. State, 244 S.W.2d 808 (Tex.Cr.App.1952).

■ In the instant case, there is not sufficient evidence properly received to show that the appellant, even though intoxicated, was the driver of a motor vehicle as charged. Weldon v. State, supra; Foreman v. State, supra. Such proof cannot be supplied by inference and supposition. Sharp v. State, 164 Tex.Cr.R. 80, 296 S. W.2d 932 (1957).

The judgment is reversed and cause remanded.