No. 2894.

## GEORGE E. McCLURE v. THE STATE.

1. FALSE IMPRISONMENT — CHARGE OF THE COURT. — See the statement of the case for an instruction requested by the accused on his trial for false imprisonment, the refusal of which, under the proof adduced, was error.

2. SAME — FACT CASE. — See the statement of the case for evidence *held* insufficient to support a conviction for false imprisonment.

APPEAL from the County Court of Anderson. Tried below before the Hon. John N. Link, County Judge.

This conviction was for the false imprisonment of one M. B. Wolverton, the indictments impleading W. G. McClure and J. A. Kelley jointly with the appellant. This appeal, however, involves only the appellant, against whom a fine of twenty-five dollars was assessed as punishment.

M. B. Wolverton, the State's only witness, testified that, being in Palestine with his wagon, he bought an empty molasses barrel from the store of W. M. Lacy, of Frank Lacy, one of the clerks, for one dollar and fifty cents. That afterward, and further up the street, he went into another store, leaving the wagon and the barrel in it. When he came back, and as he was get-

ting in the wagon, defendant, another of Lacy's clerks, came up and said he wanted the barrel; that it did not belong to Lacy when sold, but had before been sold to a Mr. Graham, and that Frank Lacy had no right to sell it; and he asked witness to drive back to the store and Mr. W. M. Lacy would return the money paid for it. Witness told him that he had bought the barrel and paid for it, and declined to drive back to Lacy's store or to give up the barrel at all. Defendant replied that he would have it anyhow, whether witness was willing or not, and that witness could not take it out of town, and came up to the rear end of the wagon, where the barrel was, and started to take it out, and witness drew back his whip, holding it by the small end, and told him that if he attempted to take the barrel out that witness would knock him down. At this time witness, looking over the way, saw defendant, John A. Kelley, who was city marshal, and W. G. McClure, defendant's brother, and a policeman, and called to Kelley to come to where witness and George were. While witness's attention was attracted to these parties, defendant jerked the barrel out of witness's wagon, breaking the hind board, and rolled it down the street toward Lacy's store. When he jerked it out, W. G. McClure hallooed to George and said: "God d—n' him, George; whip the —— out of him." Kelley and W. G. McClure then came up to witness, and witness told Kelley that he had bought the barrel from Lacy and paid for it, and that defendant had come and robbed him of it. Kelley replied: "You have got to go with me back to Lacy's store and settle this thing, and you can not leave this town until you do." Witness thought he was under arrest, and, so believing, he went with Kelley and W. G. McClure back to Lacy's store. When they got back there witness told the parties that but for the officers about he could handle George McClure. After some talk he accepted one dollar and fifty cents from Lacy, and then Kelley told him to get out of the store and go home. About fifteen minutes afterward he saw Kelley on the street and told him that he ought not to have arrested him and treated him as he had. Kelley replied that he did not arrest witness, and that he had acted only to keep down trouble all around. When defendant was attempting to get the barrel witness had to step back over the seat to prevent it, and could not protect the barrel and drive the team at the same time, and these things detained him, and in going back to the store he was further detained.

Frank Lacy testified, for defendant, that when he sold the barrel to Wolverton he told Wolverton that he did not know whether the barrel had been sold or not, and if it had, the sale to him, Wolverton, would not count.

W. M. Lacy testified, for the defense, that the barrel in question was sold to Graham previous to its sale to Wolverton, of which sale Frank Lacy was not informed. Graham called for his barrel shortly after Wolverton bought and took it away. The witness then instructed defendant to overtake Wolverton, who would doubtless return the barrel for the purchase money when the circumstances were explained to him. Defendant soon returned, rolling the barrel. A few minutes later, Wolverton, Kelley and W. G. McClure arrived. After some talk, Wolverton accepted the return of his dollar and a half and left with Kelley. Kelley did not order Wolverton out of the store, or to go home, or otherwise treat him harshly, so far as the witness heard or observed.

The special instruction referred to in the first head note of this report reads as follows: " Where the means used are threats they must be such as are calculated to operate upon the person threatened and inspire a just fear of some injury to his person or property, and must be sufficient to intimidate and prevent such person from moving beyond the bounds in which he was detained, if he was detained at all. A mere contest and wordy altercation between two persons for the possession of an article of personal property, each in good faith claiming the right thereto, and in which the party in possession and sought to be dispossessed voluntarily and of his own accord remained at the place of altercation for the purpose of better protecting his possession, and where he was not detained or sought to be detained by the other, would not constitute false imprisonment. No person disputing the right of possession of another of an article of personal property, and going into a struggle to fight for it, is, when his object is the possession of the property and not the detention or restraining of the person so in the possession, guilty of false imprisonment; so that if you find that G. E. McClure disputed the right of possession of the barrel with Wolverton and entered into a contest with him for the possession of the same, and his object was the possession of the barrel and not the detention of Wolverton, and that Wolverton's person was not by him either detained or sought to be detained, you will find him not guilty, and this, though it should appear that

Wolverton of his own free will remained upon the ground for the purpose of better asserting his claim to the barrel."

The motion for new trial raised the questions discussed in the opinion.

*W. Q. Reeves,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE.   In this case appellant was convicted for false imprisonment and fined twenty-five dollars.

The learned judge read to the jury the law governing the punishment to be assessed in the event of a verdict of guilty. Counsel for appellant requested a certain instruction, which was refused, and exceptions were reserved.   That instruction was proper, was demanded by the facts of the case, and should have been given.

The evidence relied upon by the prosecution to establish imprisonment, to our minds, is wholly insufficient; that is, to establish imprisonment by appellant George McClure, either acting alone or with others.   What occurred between Kelley, W. G. McClure and the prosecutor Wolverton was after George had left with the barrel; and if Wolverton was imprisoned by Kelley and W. G. McClure, evidently George was not responsible, for he was not present.

There was error in refusing the charges requested by appellant and in refusing a new trial, for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*