GEORGE WOOD v. THE STATE.

No. 11511.  Delivered April 11, 1928.

1.—Possessing Intoxicating Liquor—Bill of Exception—Incomplete—Presents No Error.

Where appellant, on trial for the possession of intoxicating liquor for the purpose of sale, complains of the admission of testimony of officers of the result of a search of his premises, and his bill complaining of the search without a warrant fails to set out the evidence complained of or to state as a fact that there was no search warrant, such bill is insufficient to show error. See Hewey v. State, 87 Tex. Crim. Rep. 248, and other cases cited.

2.—Same—Evidence—Erroneously Admitted—When Harmless.

Where appellant complains of the testimony of officers as to finding intoxicating liquor on his premises as a result of a search without a warrant, and on his trial both appellant and his wife testified to the same facts that were given in evidence by the officers, the error, if any, in the admission of the officers' testimony was rendered harmless. See Bonilla v. State, 2 S. W. (2nd) 846.

Appeal from the District Court of Bosque County.  Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense, punishment fixed at confinement in the penitentiary for one year.

As disclosed by the record, the testimony in substance is as follows: The sheriff went upon the premises of the appellant and discovered fifty-four half-gallon jars of wine about sixty feet from his dwelling. There is evidence that the wine was intoxicating. In his behalf, the appellant gave testimony

in substance as follows: He was a farmer and resided on a farm of 200 acres. At his place, there was an orchard of about two acres which was close to his house and in which he raised fruit and berries. The wine found on his premises belonged to him. He claimed that he was in bad health and under the care of a physician; that he was nervous, due to kidney trouble, and possessed wine for his own personal use and not for sale. He explained the location of the wine in remote places by the fact that he did not have room for it in his smokehouse and that he put it in fruit jars and set it out. He had no cellar and buried it to keep it from freezing. The appellant's wife testified in his behalf that his health was bad, and that the liquid found upon the premises was kept for medicine and was not for sale. Appellant introduced testimony combatting the idea that the wine was intoxicating.

There is but one bill of exception, which we copy:

"Be it remembered, upon a trial of the above entitled and numbered cause, the state offered the testimony of Joe Dodson and Lee Taylor to the effect that they found wine upon the premises near the house in the orchard of the defendant, to which testimony the defendant objected at the time it was offered because the testimony shows that they made such search without a search warrant and without the consent of the defendant, which objection was by the court overruled and the testimony admitted, and the defendant here tenders his bill of exceptions No. 1, and asks that the same be signed and filed as a part of the record in this cause."

The disposition of this bill would be justified upon the ground that it fails to set out the testimony against which it is directed, and states only by way of objection that the evidence was obtained without a search warrant. It is, imperfect in failing to set out the evidence and to state as a fact that there was no search warrant. See Hewey v. State, 87 Tex. Crim. Rep. 248; Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, p. 366. Examining the facts, it appears that the witness stated that he had no search warrant. A discussion of the receipt of evidence without a search warrant is unnecessary for the reason that the appellant and his wife both testified to substantially the same facts as those which were relied upon by the state for a conviction, that is to say, both the appellant and his wife testified that they were in possession of a number of half-gallon jars of wine. See Bonilla v. State, 2 S. W. (2nd) 248; Bryant v. State, 2 S. W. (2nd) 846. There was other testimony against which there was no objection and none tenable, so far as we are aware,

that the wine was intoxicating. Under the statute, he possessed more than a quart of intoxicating liquor and the jury was entitled to infer that it was kept for the purpose of sale. The issue was submitted to the jury in a charge against which no objections are urged.

*Affirmed.*