Tom Greenwood v. The State.

No. 11749.   Delivered April 25, 1928.
Rehearing denied October 3, 1928.

The opinion states the case.

*Earle Adams, Jr.* and *Allen K. Carlisle,* for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for two years.

Armed with a search warrant officers went to an outhouse on a farm where they arrested appellant while engaged in the act of manufacturing whiskey. The door of the house was open and the officers saw appellant, a still, mash and whiskey through the open door before entering the house. They entered the house, arrested appellant and made a search. At the time of his arrest appellant said: "Well, you got me. I thought that I might be able to get rid of this batch before you came; I knew you were coming."

The affidavit for the search warrant was made upon information and belief and no grounds showing probable cause were exhibited therein. Under the authority of Chapin v. State, 296 S. W. 1095, the search warrant was invalid. Appellant objected to the testimony of the officers touching the result of the search on the ground that under Article 727a C. C. P. the evidence obtained by the illegal search could not be properly admitted. Several bills of exception presenting the question are brought forward. To each of said bills is appended a qualification by the court as follows:

"That the proof showed that the house in question was an outhouse or cotton house on a farm and not a private residence and that the defendant did not reside there. That the testimony was not admitted based on the search warrant, but on the testimony of the officers, that they saw the still in operation and the mash and whiskey through the open door before entering the house or before making any search."

The record discloses that the officers saw the still, appellant, the mash and barrels through an open door and that appellant was sitting near some jugs and the still. In the state of the record it is not necessary to discuss the question of the defective search warrant and the applicability of Article 727a, supra, as appellant was committing a felony in the presence and view of the officers.

One who commits a felony in the presence or view of an officer may be arrested without a warrant. Article 212 C. C. P. 1925; Moore v. State, 294 S. W. 550; Hodge v. State, 298 S. W. 573.

Persons lawfully arrested while committing crime may be contemporaneously searched and the place where the arrest is made may also be contemporaneously searched for the purpose of finding and seizing the things connected with the crime, its fruits and the means by which it was committed. See Hodge v. State, supra, and authorities cited. The arrest of appellant being justified, the search of the house was legal. Hence the evidence objected to was properly admitted.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—One of the officers who made the arrest testified that besides the appellant there was a negro at the place of the arrest, and that another person was seen riding away from the house. Appellant insists that this testimony presented an issue of fact as to the ownership, control and operation of the still; that the court's failure to instruct the jury in an affirmative manner upon the issue mentioned was a fundamental error requiring a reversal of the judgment of conviction. The contention is not deemed tenable. An omission in the charge of the court to the jury is waived unless at the time of the trial and before the charge is read to the jury the fault is called to the attention of the trial court and an exception reserved to his refusal or failure to correct it. This is statutory. See Arts. 658 and 660, C. C. P., 1925; also Linder v. State, 94 Tex. Crim. Rep. 316. The evidence that the appellant was one of those in control of the still during its operation is definite and conclusive. Such being the fact the injury to the accused in the failure to give an additional charge is not perceived. The court is forbidden by statute to reverse a case because of an omission in the charge not calculated to injure the rights of the accused or impinge his right to a fair trial. See Art. 666, C. C. P., 1925; also Davis v. State, 107 Tex. Crim. Rep. 389.

As stated in the original opinion, the search warrant obtained to search the premises of the appellant was invalid for want of a proper affidavit. It appears from the evidence that without the aid of the search warrant the officers were able to see that a still was in opera-

tion and that whisky was being made in the little house in which the appellant was arrested. In addition to the precedents cited in the original opinion, touching the authority of the officers under the circumstances mentioned to make the arrest and search without a search warrant, see the opinion of the Supreme Court of the United States in Agnello v. United States, 269 U. S., 20, 70 Law Ed. 1.

The appellant's bill of exceptions complaining of the receipt of the evidence of the officer was qualified by the trial judge in the following language:

"The proof showed that the house in question was an out house or cotton house on a farm and not a private residence and that the defendant did not reside there; that the testimony was not admitted based on the search warrant but on the testimony of the officers, that they saw the still in operation and the mash and whisky through the open door before entering the house or before making any search."

From such qualification it is apparent that aside from the right to an arrest and search by reason of an offense committed in the view of the officers, the place in which the offense was committed was not the residence nor the place of business of the appellant, nor does it appear that its proximity to his residence or place of business was such as to make it necessary that the officer searching it possess a search warrant. See Wolf v. State, No. 11,705, not yet reported; also Brent v. Commonwealth, 240 S. W. Rep. 46; State v. Zugras, 267 S. W. Rep. 804; Cotton v. Commonwealth, 254 S. W. Rep. 1061; Richardson v. Commonwealth, 266 S. W. Rep. 1; Hester v. United States, 265 U. S. Rep. 57, 68 Law Ed. 898.

The motion for rehearing is overruled.

*Overruled.*