E. D. Bevers v. The State.

No. 11639.   Delivered June 6, 1928.
Rehearing denied October 24, 1928.

The opinion states the case.

*W. A. Parker* of Fort Worth, for appellant.

*Jesse E. Martin* Criminal District Attorney, *Arthur Lee Moore,* Assistant Criminal District Attorney of Tarrant County, and *A. A. Dawson of Canton,* State's Attorney. for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of spiritous intoxicating liquor; penalty, three years in the penitentiary.

On a farm east of Ft. Worth officers found two stills and fifteen vats, eight of them five hundred gallon vats. Whiskey was running out of one of the stills when it was found and the appellant was present and apparently operating the still. Appellant claims he leased a farm of about 220 acres from a tenant of the owner and thereafter subleased to one Haynes for the purpose of raising chickens the particular portion of the premises on which the still and whiskey were found. He claimed in his testimony that although he had subleased this still house and particular portion of the premises and was himself living at another and different house, he still had charge of all the premises in question.

Objection was made to all the evidence of the officers with reference to what was found on such premises because they were not armed with a legal search warrant. It is not thought necessary to detail particularly in what respects the search was claimed to be illegal, as the case may be disposed of upon the assumption that the search in question was in fact made without proper authority of law. The appellant himself took the stand and admitted the presence of a still and mash on the premises in question, claiming, however, that it belonged to his subtenant, to whom he had leased the premises in question, as detailed above.

If the appellant had subleased the premises searched, he was not in position to object to a search of same by the officers. "The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to any one else." Cornelius on Search and Seizure, p. 62, Sec. 12; Purswell v. State, 294 S. W. 1107. The testimony is sufficient to support the conclusion that the premises searched were in the actual possession and control of appellant's tenant and he is not therefore in a position to make the complaint found in this record.

We are further of the opinion that appellant lost his right to complain of such search because he took the witness stand and testified to the presence of the still on the searched premises. It there was error in the admission of the testimony of the officers who searched the premises, same was rendered harmless by the admissions of the appellant, who testified to the same facts, though in more meager detail. See: Gurski v. State, 248 S. W. 353; Osborne v. State, 292 S. W. 240; McLaughlin v. State, 4 S. W. (2nd) 54. This question has been so many times decided that we deem it unnecessary to further discuss it.

When the officers arrived at the still, appellant ran and was captured, whereupon he immediately refused to divulge his name to the officers. This fact was proven over objection of appellant that same was inadmissible because appellant was under arrest and unwarned at the time. Appellant was caught, according to the officers' testimony, in an act of violating the law. He was apparently operating the still and whiskey was running from the same. According to his own testimony, he was present at the still when apprehended by the officers. The statement complained of was in such close relation and juxtaposition in place and time to the offense charged as to make it res gestae of same and admissible. Green v. State, 106 Tex. Crim. Rep. 335; Harrison v. State, 20 Tex. Crim. App. 387; Williams v. State, 89 Tex. Crim. Rep. 338; Newsome v. State, 93 Tex. Crim. Rep. 622; Woods v. State, 87 Tex. Crim. Rep. 354. The courts have many times applied this rule both to inculpatory and exculpatory statements of the accused when a part of the res gestae, even though the party making such statements was under arrest at the time.

This disposes of all of appellant's contentions which we deem worthy of discussion.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Complaint is made of our opinion in one point, viz: that we erred in holding admissible testimony that appellant refused to give his name when arrested at the place where the still, mash, etc., were located. In disposing of this matter we used the expression: "The statement complained of was * * * res gestae * * * and admissible." Appellant insists that his silence when asked his name, was not a statement,—and should not have been admitted even as res gestae. Our Constitution, Sec. 10, Bill of Rights, guarantees that the accused shall not be compelled to give evidence against himself, and this is therefore above being affected by our statutes relating to confessions. Appellant cites Stach v. State, 260 S. W. Rep. 569; Myers v. State, 258 S. W. Rep. 821; Stanton v. State, 252 S. W. Rep. 519 and Carter v. State, 5 S. W. Rep. 128,

but each of these cases rests on facts variant from those here before us, and what was there said might therefore be differentiated. In Carter v. State, supra, this court held it error to prove that after accused was arrested he refused to tell his name, saying however: "It was not shown that it was admissible evidence under any of the exceptions of the statute," and reference is made to the statute on confessions. The case seems to have been reversed for other reasons.

The bill of exception bringing this matter forward reveals no other act or statement of appellant in connection with the refusal to tell the officers his name. If nothing else occurred we would seriously doubt the admissibility of the fact that appellant kept silent when asked his name after he had been arrested. But appraising the bill in the light of what is revealed by the statement of facts we are of opinion the incident reflected by the bill does not call for a reversal. The bill itself shows that when the officers approached the still appellant ran some distance and only stopped after shots were fired by the officers; that he was immediately brought back to the still and then declined to give his name. The statement of facts shows the following facts testified to by one of the officers.

"After the defendant was arrested he came up and turned the fire off, he was brought up there by the officers. Mr. Hurdleston did not ask him to do that, and neither did I. *He just voluntarily said he would cut them off,* he said *he wanted to cut off the stills, he might have an explosion.*" This was an act and statement of appellant which was unquestionably a part of the offense then being committed.

It is further shown that appellent testified as follows:

"My name is Bevers, yes, sir, I would not give my name to the officers when I was arrested. You wanted me to make a statement and I said 'No,' I said I wasn't ready to make a statement. You wanted me to make a statement. I told you I would tell you my name at the right time. I did not give the officers my name until I was brought up to the court house; I gave it to you before you found out what it was."

In this evidence appellant went much further than merely saying he declined to give his name after his arrest, and no objection was interposed to proof of anything save the refusal to state his name. True, appellant was not given the lowest penalty, but the facts showing his guilt were plain and made evident the fact that he was no maker of illicit liquor on a small scale, nor was this an occasional

matter with him, and the probable effect of an error in procedure must always be determined in the light of the whole case. Viewing this case in the light of the testimony, we find ourselves unable to believe that proof that appellant at first refused to tell his name, but presently did, could have prejudiced the jury and affected the result.

The motion for rehearing will be overruled.

*Overruled.*