The judgment is reversed and the cause remanded.

### FONVILLE v. STATE. (No. 12246.)

Court of Criminal Appeals of Texas. Jan. 23, 1929.

W. B. Howard, of Childress, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The facts appear amply sufficient to support the conviction. But one bill of exceptions is in the record by which complaint is made of the reception of the testimony of the officers as to their finding three gallons of whisky in appellant's filling station on the occasion of a search thereof. The objection was based on the fact that the affidavit did not state facts. We think the affidavit did state sufficient facts to justify the magistrate in issuing the warrant thereon. We note that the place searched was a filling station, and that the liquor was not found in a private residence, or as the result of a search of any private residence. Further, appellant took the witness stand and himself testified that the officers found the liquor in question, and the case is brought within the rule laid down by a number of recent authorities, holding that, where substantially the same testimony as given by the officers is put into the record from any other source, this renders harmless any error in overruling objection to testimony obtained without a proper search warrant. Kelsey v. State, 109 Tex. Cr. R. 275, 4 S.W.(2d) 548. Appellant's defense was that the liquor was put in the filling station by another, and that he had nothing to do with it. The state put a witness on the stand who testified that he bought whisky from appellant.

No error appearing, the judgment is affirmed.

### ROE v. STATE. (No. 12409.)

Court of Criminal Appeals of Texas. Jan. 30, 1929.

Reynold M. Gardner, of Amarillo, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for robbery; punishment being assessed at five years' confinement in the penitentiary.

The record is before us without statement of facts or bills of exception. In such condition, nothing is presented for review.

The judgment is affirmed.