A. L. FLOWER v. THE STATE.

No. 12261. Delivered March 13, 1929.
Rehearing denied June 12, 1929.

The opinion states the case.

*Coe & Briggs,* of Kountze, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

We find in the record eight bills of exception, each presenting objections to testimony offered by the State, of officers as to what they found on a search of appellant's house and the premises surrounding same. We will not discuss separately these bills, only observing that even if the affidavit for search warrant shown in the record in this case be insufficient for lack of definite description of the person or property of appellant, which is not stated as a fact,— still the objection to the testimony would be of no avail since appellant took the stand as a witness in his own behalf and himself swore that the officers did in fact find what they said they found. That in such case the documents relied upon as authorizing the search are found to be for any reason defective, will not result in a reversal, has been frequently decided in recent cases by this court. Bonilla v. State, 108 Texas Crim. Rep. 603; Kelsey v. State, 109 Texas Crim. Rep. 275; McLaughlin v. State, 109 Texas Crim. Rep. 307. We further note that appellant seems to deny his control or possession of the land upon which a keg and a bottle of whisky were found. Nothing was found in appellant's residence, but in a keg, which was located in a hole covered with pine straw some little distance from the house, but connected with it by a plain path, there were three

gallons of whisky. A bottle of whisky was found between the house and the road. Appellant denied any knowledge of·or ownership of such liquor. We find no exceptions to the court's charge, and the bills of exception presenting no reversible error, the only question is as to the sufficiency of the testimony. No one lived near appellant. Aside from the finding of the quantity of liquor mentioned, and the fact of the path leading from appellant's house to where the jug of whisky was concealed, the State further proved a sale of whisky by appellant a short time before the raid.

Finding no error for which the case should be reversed, an affirmance will be ordered.

*Affirmed.*

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—In our original opinion we said:

"Appellant took the stand as a witness in his own behalf and himself swore that the officers did in fact find what they said they ʳfound."

This statement is assailed as inaccurate. Perhaps we did not state in detail enough of the facts to make ourselves understood. The officers testified that in a small out-house near the residence they found a copper coil, capping machine and a keg which they claimed had contained whiskey but which was empty at the time of the search. In appellant's testimony he admitted that these things were so found by the officers and it was as to this testimony only we intended to apply our holding that such admission made unavailing appellant's claim that the warrant and affidavit were invalid under the authorities cited in our original opinion, and the following additional authorities. Sifuentes v. State, 5 S. W. (2d) 144; Pence v. State, 9 S. W. (2d) 348; Sherrow v. State, 9 S. W. (2d) 350; Bevers v. State, 9 S. W. (2d) 1040; Hood v. State, 10 S. W. (2d) 24; Ross v. State, 11 S. W. (2d) 516; Fonville v. State, 13 S. W. (2d) 369; Duncan v. State, 13 S. W. (2d) 703. The state's reliance was not alone upon finding the coil, capping machine and keg in the out-house; but such facts having criminative force, the admission of this evidence might have called for reversal, the search warrant being defective, but for the fact that appellant admitted from the witness stand that these things were found in said out-house.

The officers further testified that about fifty yards back of the residence and between it and what appeared to be an old un-used hog pen, they found in a hole covered with pine straw a five-gallon keg containing three gallons of whiskey and in a ditch alongside the

road between thirty and sixty yards from appellant's residence there was also found a pint bottle of whiskey. Appellant construed our original opinion as also holding the admission of this testimony not to be reversibly erroneous, regardless of the invalidity of the warrant, on the ground that appellant admitted as true the facts last stated. Appellant made no such admission, and in so far as our original opinion may appear (if it does) to be based on such theory we failed to make ourselves clear. Conceding the search warrant to have been invalid we were of opinion the evidence as to finding the three gallons of whiskey and the pint bottle of whiskey was receivable upon the ground that they were found at a place which the officers had a right to search without a warrant. The premises were not enclosed with a fence, and the three gallons were found in an open place not claimed by appellant to be under his control. He testified:

"I did not own any land there; just the buildings was all. * * * I claimed no ownership over the land and had none of it under my control. * * * I did not have any control of the land. I did not have a lease or anything like that."

The hog pen, between which and the house the three gallons were found, seems likewise not to have been used by appellant in connection with the dwelling. About it appellant testified:

"I know where the hog pen was down there in that direction. It is a couple of hundred yards from my house, one hundred and fifty or two hundred yards. That was not my hog pen. I did own some hogs. I had three head. I never did keep them in that pen."

Evidence of finding the three gallons of whiskey seems admissible on the ground that the search which revealed it although without search warrant was not an "unreasonable search" as it was found some distance from the dwelling on un-enclosed ground not used by appellant, or necessary to his use, in the enjoyment of the dwelling. Wolf v. State, 9 S. W. (2d) 350; Greenwood v. State, 9 S. W. (2d) 352; Worth v. State, 12 S. W. (2d) 582. There is no pretense that the pint bottle of whiskey was found on appellant's premises. As we understand the record it was found in a ditch alongside the public road, at a point between the bottom of the ditch and the traveled part of the road. No warrant would be needed to search there. It has been held many times that an accused can make no valid objection to the search of property not belonging to or controlled by him. Craft v. State, 107 Tex. Cr. R. 130, 295 S. W. 67; Haynes v. State, 9 S. W. (2d) 1043. The opinions in the two cases

mentioned collate many authorities supporting the principle announced under which the evidence as to finding both the three gallons and the pint of whiskey would be admissible in the absence of a search warrant. We are of opinion appellant's contention that the search warrant was invalid is sound but we have not thought it necessary to discuss it at any length for the reasons heretofore given that the evidence was admissible regardless of the defective process.

Appellant's motion for rehearing is overruled.

*Overruled.*