Ruperto Diaz v. The State.

No. 12471. Delivered April 10, 1929.

The opinion states the case.

*F. O. Fuller* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the possession of a mash and still for the purpose of manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of five years.

While looking for a Mexican named Antone Benevides, the officers were directed to a house on Mary Street in the City of Houston. One of the officers walked to the door for the purpose of making inquiry for Benevides and observed a still in operation. He walked away and called to his companion. When he returned to the house the appellant attempted to leave and was arrested. The officer who first observed the still obtained a search warrant, and upon searching the house found a 20-gallon still in operation and making whisky, also two barrels of mash and several gallons of whisky. The mash was suitable for the manufacture of whisky.

The appellant testified that he was 55 years of age, had five children and was a sick man; that about three weeks before his arrest he bought a still and made about twelve gallons of whisky; that he was engaged in making liquor at the time of his arrest; that he was making it for his own use because he was sick; that he needed it for his sickness; that he made it for his own use and not for sale; that he intended to make no more liquor.

The admissibility of the testimony of the officers is challenged upon several grounds, among them that the officer was a trespasser when he first observed the still in operation before obtaining the

search warrant. According to the officer, when he walked to the rear door to make inquiry he saw the still sitting in a room and in operation. Whether the circumstances rendered the officer a trespasser upon the appellant's premises is not made clear by the evidence, and the decision of it is not necessary in the disposition of the case. It has been held that where an officer, without trespassing, observes an offense committed in a private residence the right to arrest the offender would arise therefrom and the right to the arrest would carry with it the authority to make a search of the place in which the offense was committed. See Agnello v. United States, 269 U. S. 20, 70 Law Ed. 145. The rule has been followed by this court in Hodge v. State, 107 Tex. Crim. Rep. 579; Greenwood v. State, 9 S. W. (2d) 352; Melton v. State, 10 S. W. (2d) 385; Haynes v. State, 9 S. W. (2d) 1043; Bevins v. State, 7 S. W. (2d) 352; Levine v. State, 4 S. W. (2d) 553. However, the legality of the testimony touching the conditions observed by the officer before the search warrant was obtained would not be determinative of the validity of the conviction for the reason that it appears that the same facts in much more detail were ascertained by the officers acting under the authority of a search warrant. Moreover, the testimony of the appellant that he possessed the still and was making whisky and had already made twelve gallons of it would render any error in receiving the officers' testimony unimportant. The criminative facts revealed by the officers were conceded. Therefore, a reversal could not result even if the officers' testimony had been improperly received. See Gonzales v. State, 299 S. W. Rep. 901; McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes v. State, 5 S. W. (2d) 144; Ross v. State, 5 S. W. (2d) 516; Tate v. State, 12 S. W. (2d) 210.

The refusal of the court to withdraw the testimony of the officers upon the request of the appellant would not be reversible error for the reason, as stated above, that the same testimony came voluntarily from the mouth of the appellant.

The court gave an appropriate charge covering the issues in the case, including the defensive theory advanced by the appellant, namely, that he was guilty of no offense in that he possessed the mash and still for the purpose of manufacturing whisky for medicinal use. No complaint is made of the manner in which the issues were submitted. The mash and still on hand and the circumstances detailed, including the testimony of the appellant that he had made twelve gallons of whisky, were sufficient under the law to overcome

the presumption of innocence and to justify the verdict of the jury rejecting his claim that the still and mash were possessed for the purpose of manufacturing whisky for medicinal purposes. The possession of the mash and equipment made a prima facie case under the statute, Art. 671, P. C., 1925.

The judgment is affirmed.

*Affirmed.*