MARTIN, J. Offense, theft of one head of cattle; penalty, three years in the penitentiary.

The only question presented on this appeal is the alleged insufficiency of the evidence to corroborate the accomplice, Charlie Whitley. Prosecuting witness E. A. Parsons owned a ranch in charge of his son, E. E. Parsons, which adjoined the Booker Davenport ranch and which was in charge of one Lon Elam at the time of the commission of the offense. Appellant was in the butcher business in the town of Bandera. Accomplice Whitley testified that appellant got him to go with him into the country to butcher a hog; that on the way out there appellant suggested that he had an animal at Lon Elam's and that they go over there and butcher this animal. Lon Elam was absent from home at the time. Arriving at this place, Whitley testified that appellant saddled Elam's horse, caught and they together butchered the animal in controversy, and that they then stayed all night, leaving the next morning before daylight, and that appellant admitted to him that this was not his animal. In another conversation Whitley says that appellant admitted to him that he had left his jacket at Elam's house and had taken Elam's by mistake. Parsons at about this time lost a red bald-faced yearling. The hide of this animal was found at Lon Elam's place shortly after the transaction above detailed by Whitley, partly burned, and was identified as having come from the animal lost by Parsons. Blood, entrails, and other evidence of the butchering of an animal appeared near Elam's barn. Appellant's jacket was also found at Elam's house, and Elam's jacket was found in a filling station, apparently in the town of Bandera. The effect of a subsequent statement made by appellant to Elam was to admit that he had left his jacket at Elam's house, but claimed it was at a different time from the transaction testified to by Whitley. In a conversation with W. W. Whitley, father of the accomplice, Charlie Whitley, appellant stated: "Charley, he is just as guilty as I am; we just thought that we would go down there and get a little money out of it." Whitley testified that this conversation was after his son was accused and that this conversation was about this matter.

■ We think that the above-recited facts are sufficient, though perhaps meagerly so, to corroborate the accomplice Whitley. There are certain aspects of this case which are somewhat unusual, but they are not such as this court can take cognizance of in view of an adverse finding by the jury.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. ■ In a very plausible manner appellant's counsel, in the motion for rehearing, questions the soundness of the conclusions stated in the original opinion with reference to the sufficiency of the corroboration. An animal belonging to Elam was the subject of the theft. It was butchered at Elam's home. The presence of the appellant and Whitley, the accomplice witness, at the time the animal was butchered, was conceded. Whitley, the accomplice, stated in his testimony that he was but the innocent agent of the appellant who claimed the ownership of the animal. The appellant testified in his own behalf, and according to his version Whitley claimed the ownership of the animal that was killed and the appellant's participation was that of an innocent agent. In the motion for rehearing the proposition is advanced that the failure of the state to recall Whitley after the appellant had testified, in order that the truth of the appellant's version might be denied, leaves Whitley's testimony without corroboration. Inasmuch as the testimony of Whitley and the appellant were directly opposed to each other, the failure to recall Whitley in order that he might reiterate his testimony is regarded as of no weight on the legal proposition involving the sufficiency of the corroboration.

The motion for rehearing is overruled.

■

**BROOKSHIRE v. STATE.** (No. 12512.)

Court of Criminal Appeals of Texas. April 24, 1929.

J. Lee Cearley, of Cisco, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Attention was called by the brief of appellant to the fact that the indictment in this case did not conclude "against the peace and dignity of the State." A supplemental transcript consisting of a certified copy of the indictment as the same appears on file shows that the omission of the statutory conclusion of the indictment from the transcript in this case was an error of the district clerk. The original indictment properly contained the conclusion demanded by the statute.

There is but one bill of exceptions in this record, which complains of the search of appellant's car, the objection being that it was without a search warrant and that no probable cause was shown. For two reasons we cannot sustain this contention. Appellant took the witness stand in his own behalf and testified that a stranger put the whisky in his car in a sack. He affirmed that he had not transported it, but having testified to the fact that the whisky was in his car, which the officers claimed to have found, this would render his objection to testimony as to results of the search unavailing. We are also of opinion that the officers had probable cause. It was in testimony that the officers had received information that a man was out on this road on the occasion in question in a drunken condition. The officers went out to the road, found a car in a mudhole, and a man in the car under a covering. The man was either asleep or in a drunken stupor. The officers smelled liquor on his breath. They raised the cover and ascertained that it was appellant. Whisky was found in the car.

Appellant contends that the evidence is not sufficient to show him guilty of the transportation of the liquor in question. The trial court submitted the case to the jury upon the theory of circumstantial evidence. The whisky was in a car which appellant admitted he had driven to the place where it was found in a mudhole by the officers. His contention was that, when he wore himself out trying to extricate the car, he took a drink of whisky from a bottle which he said a man had given him, and went to sleep, and that the quantity of liquor found by the officers was not in the car when he went to sleep. We think these facts justified the jury in concluding appellant guilty of transporting intoxicating liquor.

Finding no error in the record, the judgment will be affirmed.

HAWKINS, J., absent.