BILL STONE v. THE STATE.

No. 12720.   Delivered November ·6, 1929.
Rehearing denied December 18, 1929.

The opinion states the case.

*Chandler & Chandler* of Stephenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The record contains two bills of exception.   By the first complaint is made of the reception of evidence of the finding in appellant's private residence of certain intoxicating liquor, the point being made that an affidavit for the search of a private residence must set forth that intoxicating liquor is being manufactured or sold at such house or place, and that it is not sufficient to say that same is there possessed for purposes of sale.   The point is well taken, and if the case rested here, appellant's contention that the judgment should be reversed would be necessarily sustained.   An examination of the statement of facts, however, shows that the officers found red whisky

in an incubator and also in a box, and they found some fruit jars which had had whisky in them. The alleged search was made about December 22, 1927. Appellant put his wife on the stand and she testified that about the 20th of December, 1927, her father came to the home of herself and appellant and brought some red whisky in some fruit jars in a sack which he placed in the incubator in their dining room. She said there were two or three jars. She also said that her father was sent off to some institution about the 27th or 28th. She testified that her father put some jars in the incubator and put some in the closet in the kitchen. Appellant introduced other witnesses who testified to seeing appellant's father-in-law in December with whisky in his possession, and that he told them he was going down with it to appellant's house. As we understand this record, the whisky testified to by appellant's wife was the whisky which had been brought to the place, according to her testimony, by her father. It has been settled by many recent decisions of this court that when testimony given by officers as the result of a search under an illegal warrant, is put before the jury from other sources, this renders unavailing and harmless the introduction of the illegal testimony on behalf of the State, and in such cases reversal will not be ordered for the error of the reception of the testimony. Appellant was given the lowest penalty. Bryant v. State, 109 Texas Crim. Rep. 32; Frey v. State, 109 Texas Crim. Rep. 168.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—It is appellant's proposition that the evidence introduced by him was not substantially the same as the testimony of the officers which should have been excluded.

This contention has necessarily forced us to examine critically all the evidence in the record. This we have patiently done. To us it seems plain that the intoxicating liquor found by the officers is the same liquor testified about by appellant's witnesses. The case seems ruled by the following authorities, in addition to those cited in the original opinion. McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes v. State, 9 S. W. (2d) 144; Pence v. State, 9 S. W. (2d) 348; Sherrow v. State, 9 S. W. 353; Bevers v. State, 9 S. W. (2d) 1040; Hood v. State, 10 S. W. (2d) 94; Ross v. State, 11 S. W. (2d) 516; Fonville v. State, 13 S. W. (2d) 369; Duncan v. State, 13

S. W. (2d) 703; Spain v. State, 15 S. W. (2d) 646; Houston v. State, 16 S. W. (2d) 119; Diaz v. State, 16 S. W. (2d) 240; Poteet v. State, 17 S. W. (2d) 46; Machado v. State, 17 S. W. (2d) 1060; Herman v. State, 18 S. W. (2d) 170; Flower v. State, 18 S. W. (2d) 659.

The motion for rehearing is overruled.

*Overruled.*