TOM GROGAN v. THE STATE.

No. 12874. Delivered January 22, 1930.
Rehearing denied March 5, 1930.
Reported in 24 S. W. (2d) 1096.

The opinion states the case.

*Francis M. Chaney* and *Oren Parmeter,* both of Dallas, for appellant.

. *A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment one and a half years in the penitentiary.

Operating under what was thought to be a valid warrant officers searched a house in which appellant's brother and family resided, and where appellant also lived at the time. Objection was interposed to testimony of the officers as to the discoveries of the search on the ground, among others, that the house searched was not the one described in the affidavit and warrant. Investigation of the matter revealed that the objection was well founded and it should have been sustained. If the court erroneously permitted the officers to give evidence that they found a still, some barrels of mash and five and a half gallons of whisky the case cannot be reversed for such error because appellant himself testified to the presence in the house of everything found by the officers, and went further in admitting that he procured the still, sugar, and other ingredients of which the mash was composed. McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes v. State, 5 S. W. (2d) 144; Machado v. State, 17 S. W. (2d) 1060; Flower v. State, 18 S. W. (2d) 659. The cases cited contain references to many others announcing the same principle.

The state proved, over objection, that within five minutes after the officers entered the house appellant said he was making the whisky to get money to go back to his home in Alabama or Georgia;

his brother at the same time and in appellant's presence made the same statement. The objection interposed was that appellant and his brother were under arrest at the time. The statements were properly admitted as res gestae. The apparatus for making the whisky was still warm, and the whisky and equipment for making it were in appellant's possession. The fact that the parties were under arrest would not preclude proof of their res gestae declarations.

Three men were in the house when the officers entered, appellant, his brother, and the father. The officer said "we carried them all into the back room. There was a general conversation there in regard to this still." During the conversation and in connection with what appellant and his brother told the officers, the father said in the presence of appellant, his brother and the officers,—"I told those boys (meaning appellant and his brother) to stop making whisky, that it was against the law, and that they were going to get arrested." Objection was interposed to proving what the father said. We think there is no merit in the objection. The father was present where the still and whisky were located and seems at the time to have been under detention by the officers the same as were appellant and his brother. The statement attributed to the father was res gestae and was equivalent to an averment that the unlawful enterprise was being conducted by appellant and his brother. Underhill on Evidence, 3d Ed., Sec. 168, page 227; Baker v. State, 45 Tex. Cr. R. 392. If the father by a res gestae statement had assumed responsibility for the illegal enterprise—the possession of the still and whisky—it would have been provable in appellant's favor. Bell v. State, 92 Tex. Cr. R. 342, 243 S. W. 1095; Rayburn v. State, 95 Tex. Cr. R. 555, 255 S. W. 436; likewise it was admissible against him.

On the trial appellant claimed to have manufactured the whisky for medicinal purposes. He denied having told the officers that he was making it to get money to go back to his old home in another state. Appellant argues in his brief that the rule announced in McLaughlin's case and the others referred to in the first paragraph of this opinion should not control because appellant did not admit the statement attributed to him by the officers. The opinion in No. 12,826, Willard v. State, finally disposed of but not yet officially reported, decides the point against appellant.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant argues and insists that because the statute, in express terms, forbids the introduction of testimony obtained in certain ways, we have no right to hold such introduction harmless in cases where from other sources the same proof is before the jury. We are not able to get appellant's view point. This court does not reverse cases unless the errors in the record are such as that injury is possible therefrom. When the error relied on is one involving some transgression of a mandatory statute, ordinarily the presumption of injury obtains, but when elsewhere in such record it is made apparent that such presumption was overcome on the trial, or it is shown affirmatively that such injury did not, and could not, result, we will not reverse.

There is neither force nor logic in appellant's contention that he has been forced to introduce contrary testimony by the admission over objection of illegal testimony introduced by the State. He has his complete and entire remedy against the introduction of illegal testimony by taking his proper bill of exception and bringing the matter before this court which in such case will reverse. We are of opinion that the statements introduced, both of appellant and his father, were properly put before the jury, and that the disposition of the question raised, as appears in our former opinion, was in accordance with law.

The motion for rehearing will be overruled.

*Overruled.*