## M. W. KERR v. THE STATE.

No. 13298. Delivered May 28, 1930.
Rehearing denied June 25, 1930.
Reported in 29 S. W. (2d) 364.

The opinion states the case.

156

*Marshall & Stewart* and *Vickers & Campbell,* all of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

There are two bills of exception in the record. The first brings forward objection to testimony given by appellant himself on cross-examination while a witness, in answer to State's questions. Said testimony was in effect that on the same day appellant was arrested for selling whisky to young Castleberry, the officers found a bottle of whisky at the garage where appellant worked. We observe that he had testified on direct examination that two boys, Jones and Castleberry, came to the garage that day and wanted to buy whisky, and that he told them they could not get any because he did not have any. Thereafter upon cross-examination the State elicited the facts above stated. We think it provable by appellant's testimony that the officers found a pint of whisky at his garage on the day of the alleged sale to Castleberry and shortly after, and that such fact was competent for rebuttal purposes after appellant had testified that he told the boys he had no whisky. Testimony of the presence of other whisky at the place was competent for the purpose of supporting and corroborating the State's testimony of a sale and purchase. Appellant's complaint at the reception of this testimony seems based on the proposition that the officers had no search warrant. We are not quite able to follow the reasoning. He might have been asked and compelled to testify as to the presence of such bottle of liquor wholly aside from the manner or occasion of its having been found by the officers. We might also add that there is not the slightest showing as to place where the officers found the liquor. From aught that appears in the record same may have been sitting in open view, or it may have been found by the officers where they had to disturb nothing in order to observe and secure it.

The other bill shows objection to testimony concerning a piece of paper on which was written the numbers of five one dollar bills. The facts showed that before the boys went to appellant's garage one of them received from an officer five one dollar bills. He wrote the numbers of these bills down on a piece of paper in the presence of other witnesses. After appellant's arrest he was searched and upon his person was found five one dollar bills. The numbers of these bills were compared with the piece of paper above referred to, and it

was shown that said numbers were identical. We think this testimony competent. The facts seem ample to support the conviction. The testimony as to the sale was positive.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is not necessary to discuss further the bill of exception complaining because appellant, over objection was required to answer that the officer found a pint of whisky in his place of business at the time he was arrested. If the arrest was legal, and there is nothing showing to the contrary, the search was rightful; but aside from that appellant himself proved by his own witness, Taylor, that the officers found the pint of whisky which Taylor claimed belonged to him. McLaughlin v. State, 4 S. W. (2d) 54; Machado v. State, 112 Tex. Cr. R. 538, 17 S. W. (2d) 1060; Flower v. State, 18 S. W. (2d) 659; Stone v. State, 22 S. W. (2d) 140.

The motion for rehearing is overruled.

*Overruled.*