LEANARD BONIN v. THE STATE.

No. 13817.   Delivered December 17, 1930.

The opinion states the case.

*B. L. Palmer* and *David R. Rosenthal,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of a still for the manufacture of intoxicating liquor is the offense; penalty, confinement in the penitentiary for a period of one year.

The following is a synopsis of the evidence: The sheriff and his deputy found in the woods a still, mash and other equipment suitable for the manufacture of intoxicating liquor. Six days later they saw the same still.

In a voluntary written statement the appellant admitted the ownership of the still and equipment and expressed the desire to exculpate his father who was found in possession of the still, the appellant stating that his father was not the owner of the still but was moving it at the request of the appellant. A like statement made before a magistrate was introduced over the objection of the appellant. Whether the statement was in such form as to permit its introduction was immaterial since the appellant testified upon the trial that he made the written

*statement* mentioned above and gave the testimony before the magistrate, both of which were true; that he was the owner and possessor of the still; that it was his intention to manufacture liquor for his own use but not for sale. The testimony showing the appellant's guilt having been given by him upon the trial of the case, renders harmless any supposed error that may have occurred in the reception in evidence of his testimony before the magistrate. See Bonilla v. State, 108 Texas Crim. Rep., 603, 2 S. W. (2d) 248, and cases therein cited.

The judgment is affirmed.