CLAUDE SPICER V. THE STATE.

No. 14713. Delivered February 17, 1932.

The opinion states the case.

*John N. Gauntt* and *Joe W. Taylor,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being two years in the penitentiary.

Appellant and Carl Sims were separately indicted, but by agreement were jointly tried. Each party appealed and brought his case here by separate record. The case of Sims v. State, 119 Texas Crim. Rep., 83, 45 S. W. (2d) 579, was reversed in an opinion delivered on January 20, 1932.

The cases of both appellant and Sims were submitted in a joint charge and the verdict returned was in the following language: "We, the jury,

find the defendants guilty as charged in the indictment and assess their punishment at confinement in the penitentiary for two years."

In the motion for new trial objection is directed at the verdict because it is in form joint, instead of being a separate verdict against each of them. This objection is not tenable. Davidson and Thompson v. State, 40 Texas Crim. Rep., 285, 49 S. W., 372, 50 S. W., 365.

The facts are fully set out in the opinion in Sims' case and it is not necessary to repeat them here. As was said in that opinion, the arrest and search were illegal and the testimony of the officers as to finding in appellant's car the goods taken from the burglarized store should not have been received. The reversal of the Sims case was based on the error of the trial court in admitting such testimony. Spicer does not occupy the same relation to the matter as did Sims, who did not testify. Spicer did testify in his own behalf. Sims did not call Spicer as a witness, and could not, he being under indictment for the same criminal act. Neither did the state call Spicer as a witness; he took the stand in his own behalf. Spicer's testimony would not bind Sims, and under the circumstances of the trial could not be considered a waiver by Sims of the error in admitting the testimony of the officers. While testifying in his own behalf Spicer admitted the presence in his car of the stolen goods, but claimed to have bought them. Having himself put in evidence the same facts testified to by the officers regarding the possession of the stolen goods a reversal of the judgment as to Spicer can not be predicated on the error of the court in admitting the testimony of the officers to the same effect. McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060.; Stone v. State, 113 Texas Crim. Rep., 371, 22 S. W. (2d) 140.

Appellant's claim of purchasing the stolen property was submitted to the jury in an appropriate charge, and the issue was decided against him.

The judgment is affirmed.

*Affirmed.*