# FEBRUARY 22, 1933

NED CRENSHAW V. THE STATE.

No. 15509.   Delivered January 11, 1933.
Rehearing Denied February 22, 1933.
Reported in 57 S. W. (2d) 103.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing a still and equipment for the manufacture of intoxicating liquor; punishment being one year in the penitentiary.

Appellant and his mother lived on a farm which they jointly owned.   Some three or four hundred yards from their

residence and across a railroad therefrom, there was a house which was supposedly used for storing feedstuff and farm tools.

Without a search warrant two officers went on the premises belonging to appellant and his mother, and, when within about sixty yards of this house, they heard a "lumbering" noise therein. Appellant came out of the house running, having in his hands a copper pot of about twenty gallons capacity. It had a faucet about two inches from the bottom. Appellant ran some two hundred and fifty or three hundred yards with this pot before being overtaken by the officers. A negro by the name of Jeff Tudman also ran out of the house with a five-gallon keg of whisky, which he dropped after going about eight or ten steps from the door. The negro got away, and was a fugitive at the time of appellant's trial. The officers described in detail what they found in the house. It is not necessary to enumerate the articles. They testified that, together with the vessel which appellant ran away with, the equipment constituted a complete still for making whisky. Appellant opposed the officers' evidence on the ground that they had no search warrant, and that the entry upon his land and the search of the house in question was in violation of his constitutional and statutory rights to be free from unreasonable searches and seizures. In his brief appellant expresses the opinion that this court is in error in Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350; Greenwood v. State, 110 Texas Crim. Rep., 478, 9 S. W. (2d) 352, and Worth v. State, 111 Texas Crim. Rep., 288, 12 S. W. (2d) 582. The cases mentioned have been followed in numerous other opinions, among them being January v. State, 34 S. W. (2d) 1097; Robie v. State, 36 S. W. (2d) 175; Turner v. State, 20 S. W. (2d) 764; Melton v. State, 49 S. W. (2d) 803. The searches were upheld in the cases mentioned, on the ground that they were not *unreasonable*. We see no necessity for again reviewing the question or of deciding whether the principle upon which they were predicated is applicable in the present instance. As we understand the record, that question passes out of the case upon the proposition now to be discussed.

Appellant testified as a witness in his own behalf. His evidence on direct examination was to the effect that he had gone to the house where the still was in operation for the purpose of finding the negro Jeff Tudman, and ascertain why he had not driven the cattle up to be dipped. He admits that he discovered, before getting to the house, that the cattle had been dipped that morning, but that he still continued his search for the negro. He said: "Well, I went over there, and there was

a kettle or distill, like Mr. Spurgeon and Mr. Cook said was there, and it was making whisky."

Spurgeon and Cook were the officers whose testimony appellant had sought to exclude. Appellant gave the same testimony which came from the officers. Under these circumstances it would not call for a reversal even had the officers' evidence been improperly received. Wagner v. State, 53 Texas Crim. Rep., 306, 109 S. W., 169; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060; Flower v. State, 18 S. W. (2d) 659; Reusch v. State, 45 S. W. (2d) 209; Moss v. State, 50 S. W. (2d) 835; Schaefer v. State, 53 S. W. (2d) 309. Only a few of the cases holding as indicated are cited, but in them others will be found collated.

Appellant disclaimed any interest whatever in the still and equipment, and explained his presence as heretofore stated, and claimed that the negro Tudman was alone responsible for the operation of the still. In this connection appellant also testified, that although he had no interest in the still and equipment, when he saw the officers approaching he "grabbed" up the vessel in which the mash was cooking, catching it by the faucet in order to throw out the contents. Although the vessel was "red hot" and "burned his hands severely," he carried it some three or four hundred yards, and says, "when he came to himself he threw it down." The court charged on principals. The charge was objected to on the ground that it contained no instruction on the converse of the law of principals, and because it failed to submit appellant's affirmative defense. In paragraph six the court had correctly told the jury who were principals in the commission of a crime. Immediately following is paragraph seven which reads: "But you are instructed that the mere presence of the defendant, at the time and place of the commission of the offense, if an offense there was, would not make him a principal thereto, unless he participated in the commission of the same in some one or more of the modes mentioned in the foregoing definition of a principal, or unless he had previously entered into an agreement that such an offense, if any, would be committed, and was present in pursuance of such agreement, if any; and so in this case, if you believe, or have a reasonable doubt thereof, that the defendant was merely present there and had no interest in the ownership of the intoxicating liquor, still, equipment, mash, material and supplies, you will find the defendant not guilty."

The only defense interposed by appellant was explaining his presence at the still and the denial of any interest therein.

The converse of the law of principals as well as appellant's defense is fully covered by said paragraph seven.

To our minds the case was not one depending on circumstantial evidence, and therefore, the court properly declined to embrace in his charge an instruction on that subject.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant ably urges that his defensive theory was not affirmatively presented to the jury, and that the converse of the law of principals was not properly submitted. The case of Johnson v. State, 285 S. W., 329, cited by appellant in his motion, was not a case involving a charge on the law of principals, and hence has no application in this regard. It was, however, a case involving the question of the possession of a still, material, and equipment for the purpose of manufacturing intoxicating liquor. We have examined the charge given in that case and compared it with the one held sufficient by us in our original opinion, and are unable to distinguish between them in so far as the mere matter of the presentation of the law of principals is concerned. It is true that the charge given in the Johnson case, supra, was in somewhat more elaborate language than the one complained of as given in the instant case, but the latter gave to the jury every essential element found in the one which appellant here urges as a model.

Appellant admitted his presence at the still in the case at bar, and that it was in operation, and that mash, material, etc., were there. He also admitted that when the officers appeared, and just before they got to the house where the still was in operation, he ran out of the house, having in his possession the pot in which was a quantity of mash, and that he fled and was pursued by the officers for quite a distance, they shooting at him, before he stopped and was captured. As we understand, and as evidently the trial court understood, appellant claimed that he had no interest in the still, mash, material, etc., and that he was merely present. It would be wholly unnecessary to load the charge down with an additional instruction that the jury must find that the still belonged to somebody else. This would be of no assistance to appellant, any more than he derived from a charge which was given as quoted in our original opinion. If the jury believed he was merely present at the time and had no interest in the intoxicating liquor, still, equipment, mash, material, etc., they should have found him not

guilty, and they were so told in the charge, which we still believe to have appropriately and sufficiently presented his defensive theory in an affirmative manner.

The motion for rehearing will be overruled.

*Overruled.*